**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**DeAndre SMITH, a/k/a Dino,**
**Defendant–Appellant.**

**No. 93–5008.**

United States Court of Appeals,
Tenth Circuit.

Dec. 30, 1993.

Craig Bryant, Asst. Federal Public Defender (Robert Nigh, Jr., Asst. Federal Public Defender, on the brief), Tulsa, OK, for defendant-appellant.

Scott Woodward, Asst. U.S. Atty. (James L. Swartz, Asst. U.S. Atty., on the brief), Tulsa, OK, for plaintiff-appellee.

Before ANDERSON, ENGEL [†] and KELLY, Circuit Judges.

PAUL KELLY, Jr., Circuit Judge.

DeAndre Smith appeals from his conviction upon a jury verdict for the violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 860(a), styled in the indictment as "[d]istribution of cocaine base within 1,000 feet of a playground." Mr. Smith was convicted and sentenced to 78 months with a five-year term of supervised release. On appeal, he challenges the sufficiency of the evidence that the uncontroverted drug sale occurred within 1,000 feet of a playground. Our jurisdiction arises under 28 U.S.C. § 1291.

[†] The Honorable Albert J. Engel, Senior United States Circuit Judge for the United States Court of Appeals–Sixth Circuit, sitting by designation.

## Background

Mr. Smith sold approximately 12.6 grams of crack cocaine to an undercover drug agent. The drug sale occurred in the agent's car in a parking lot approximately 448 feet from a grassy area near Crawford Park. This appeal turns on whether the government proved that Crawford Park was a playground and whether this determination is dispositive.

Mr. Smith's indictment includes as one count:

> DeANDRE SMITH ... did knowingly and intentionally distribute approximately 12.6 grams of a mixture or substance containing a detectable amount of cocaine base (crack) ... within 1,000 feet of the real property comprising Crawford Park which is a public playground, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), 860(a) and Title 18, United States Code, Section 2.

I.R. Doc. 1.

Section 841(a)(1) prohibits, among other things, the knowing or intentional distribution of a controlled substance. Section 841(b)(1)(B) contains a minimum penalty of 5 years imprisonment and a minimum of four years supervised release in connection with 5 grams or more of cocaine base.

> Section 860(a), however, provides in part:
> Any person who violates section 841(a)(1) ... by distributing ... a controlled substance in or on, or within one thousand feet of, the real property comprising ... a playground ... is ... subject to (1) twice the maximum punishment authorized by section 841(b) of this title; and (2) at least twice any term of supervised release authorized by section 841(b) of this title for a first offense.

Section 860(d) defines "playground" as "any outdoor facility ... intended for recreation, open to the public, and with any portion thereof containing three or more separate apparatus intended for the recreation of children including, but not limited to, sliding boards, swingsets, and teeterboards."

## Discussion

■ In reviewing the sufficiency of the evidence, we must determine whether a reasonable jury could find the defendant guilty of each essential element of the offense beyond a reasonable doubt in light of the direct and circumstantial evidence. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *United States v. Slater,* 971 F.2d 626, 630–31 (10th Cir.1992). This evidence must be viewed in the light most favorable to the government. *Jackson,* 443 U.S. at 319, 99 S.Ct. at 2789.

■ The legal characterization of 21 U.S.C. § 860 and its relation to § 841 are questions of law to be decided de novo. *See United States v. Deffenbaugh Indus.,* 957 F.2d 749, 751 (10th Cir.1992).

### I. Sufficiency of Evidence

■ At trial, the evidence before the jury on the nature of Crawford Park consisted solely of testimony by the undercover agent that it had "playgrounds, walking paths, gazebos." Tr. at 83. Mr. Smith moved for judgment of acquittal specifically citing the government's lack of evidence that Crawford Park was a playground. Tr. at 114. He did so at the close of the government's evidence and after the verdict. *Id.;* I R. doc. 4. Thus, Mr. Smith challenged the sufficiency of the evidence of whether Crawford Park was a playground. *See United States v. Cox,* 929 F.2d 1511, 1514 (10th Cir.1991).

The jury was instructed concerning the statutory definition of "playground," including the requirement that three separate playground apparatus need exist. No evidence was introduced to bolster the conclusory statements of the undercover agent that Crawford Park had "playgrounds." The government conceded at oral argument that grassy areas, walking paths and gazebos do not constitute a playground within the definition of the statute and there is absolutely no evidence in the record that any playground apparatus exist in Crawford Park.

The term "playground" can have varied meanings. To some a playground could be a cow pasture; to others, a fenced-in surface of asphalt; and to still others, a playground is a place containing various apparatus. Congress chose to define the term in a specific manner and, consequently, proof must be adduced in order to sustain a jury's conclusion that a playground was involved.

Because the testimony does not meet the requirements of the definition of a playground set forth in 21 U.S.C. § 860(d), a reasonable jury could not convict Mr. Smith beyond a reasonable doubt of an offense which requires activity "within 1,000 feet of a ... playground" as an element. Defendant also disputes whether the grassy area to which the agent measured is in fact part of Crawford Park. The determination that the evidence is insufficient to prove that Crawford Park is a playground obviates the need for this inquiry.

### II. Scope and Function of § 860

■ While conceding that the lack of proof regarding apparatus at Crawford Park resulted in a failure to satisfy the requirements for a playground, the government urges that this defect should not invalidate the entire conviction. Instead, at oral argument the government argued that § 860(a) should not be viewed as a separate offense, but rather considered solely as a sentence enhancement which may or may not be applied to the underlying offense of distribution of crack cocaine.

We agree with those circuits that have concluded that § 860 constitutes an "offense" which has as an element of proof that the distribution occurred within 1,000 feet of a protected place. While some circuits construed § 860 before it was renumbered and amended, these differences do not affect our inquiry. Similarly, § 860(a) includes as protected places playgrounds and various types of schools. Some circuits construed the statute in the school context, yet the analysis of § 860(a) as an offense would also apply to a playground. *See United States v. Freyre–Lazaro,* 3 F.3d 1496, 1507 (11th Cir.1993) (holding that § 841(a) is a lesser included offense of § 860); *United States v. Scott,* 987 F.2d 261, 266 (5th Cir.1993) (same); *United States v. Thornton,* 901 F.2d 738, 741 (9th Cir.1990) (statute "incorporates the sentencing enhancement element into the underlying

offense"); *United States v. Holland,* 810 F.2d 1215, 1218 (D.C.Cir.) (statute "adds an element to the offense of section 841(a)" which must be "proved"), *cert. denied,* 481 U.S. 1057, 107 S.Ct. 2199, 95 L.Ed.2d 854 (1987).

Here, the indictment lists the combination of statutes in one count. An element of that offense was not proven. As a result, Mr. Smith's conviction must be reversed.

## III. Disposition

◼ In *United States v. Industrial Laboratories, Inc.,* 456 F.2d 908, 911 (10th Cir. 1972), we exercised our power under 28 U.S.C. § 2106 to reduce a conviction of a greater offense, based on insufficient evidence, to that of a lesser included offense. *See also United States v. Boissoneault,* 926 F.2d 230, 235 (2d Cir.1991); *United States v. Figueroa,* 666 F.2d 1375, 1377 (11th Cir. 1982); *United States v. Cobb,* 558 F.2d 486, 489 n. 5 (8th Cir.1977). Despite the government's position at oral argument that § 860(a) is not an "offense," both parties conceded in the supplemental memoranda we requested on this issue that § 841(a) is a lesser included offense of § 860(a). The safeguards for the exercise of 28 U.S.C. § 2106 in this manner are delineated in *Allison v. United States,* 409 F.2d 445, 451 (D.C.Cir.1969).

> It must be clear (1) that the evidence adduced at trial fails to support one or more elements of the crime of which appellant was convicted, (2) that such evidence sufficiently sustains all the elements of another offense, (3) that the latter is a lesser included offense of the former, and (4) that no undue prejudice will result to the accused.

*Allison,* 409 F.2d at 451.

The parties also concede that the test's first three requirements are met under these facts. Aplt. Supp. Mem. at 2; Aplee. Supp. Mem. at 5. Mr. Smith suggests, however, that prejudice will result simply because "within 1,000 feet of a playground" was included in the indictment which went to the jury—as though such a charge would perhaps spur the jury on to convict even in the absence of sufficient evidence. By conceding

that the second prong of the *Allison* test is satisfied, however, Mr. Smith admits that sufficient evidence existed under § 841(a). Aplt.Supp.Mem. at 2. Therefore, the only prejudice Mr. Smith suggests is that he will be convicted of a proven lesser included offense. This is not the undue prejudice contemplated by the test set forth in *Allison.*

Mr. Smith also contends that "the theory and presentation at trial might well have been different" had he been charged "simply with distributing crack cocaine." *Id.* Mr. Smith has not offered the slightest suggestion of how the defense might have differed. Defense counsel already had a duty to explore all of Mr. Smith's valid defenses in this case, given that "[i]t is perfectly proper for the court to give [a lesser included offense instruction under the "necessary elements" test] at the request of the defendant, the prosecution, or *sua sponte*—whether or not any party objects." *See United States v. Cooper,* 812 F.2d 1283, 1289 (McKay, J., concurring in part & dissenting in part) & at 1286 (Seth, J.) (10th Cir.1987). *See also United States v. Begay,* 833 F.2d 900, 901 (10th Cir.1987). The "necessary elements" test has been reaffirmed by the Supreme Court, *see Schmuck v. United States,* 489 U.S. 705, 716, 109 S.Ct. 1443, 1450, 103 L.Ed.2d 734 (1989), and the parties concede that this test is satisfied here. Therefore, the possibility of such an instruction existed throughout the trial.

The government argues the error was harmless and there is no need to resentence Mr. Smith. Aplee. Brief at 9. The presentence report adopted by the sentencing court, however, includes a base offense level through application of U.S.S.G. § 2D1.2(a)(2), which pertains to "Drug Offenses Occurring Near Protected Locations."

Mr. Smith's conviction under § 860(a) is REVERSED and the case is REMANDED to the district court with directions to vacate the conviction, to enter a conviction under § 841(a)(1), and to resentence in a manner consistent with this opinion.