**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Sean ASHLEY, Defendant–Appellant.**

**No. 93–1231.**

United States Court of Appeals, Tenth Circuit.

June 8, 1994.

Charlotte J. Mapes, Asst. U.S. Atty. (Henry L. Solano, U.S. Atty., John M. Hutchins, Asst. U.S. Atty., and Daniel J. Cassidy, Asst. U.S. Atty., Dist. of Colo., with her on the brief), Mountain States Drug Task Force, Denver, CO, for plaintiff-appellee.

Clifford J. Barnard, Boulder, CO, for defendant-appellant.

Before BRORBY, Circuit Judge, McWILLIAMS, Senior Circuit Judge, and BROWN, Senior District Judge.*

McWILLIAMS, Senior Circuit Judge.

This appeal concerns the relationship between 21 U.S.C. § 841(a)(1) (1988) and 21 U.S.C. § 860(a) (Supp. IV 1992). Section 841(a)(1) provides that it shall be unlawful for any person to knowingly and intentionally distribute a controlled substance. Section 860(a) provides that any person who violates section 841(a)(1) by distributing a controlled substance within 1,000 feet of, *inter alia*, a public school, is subject to twice the maximum punishment authorized by section 841(a)(1). Specifically, section 860(a) reads as follows:

(a) Penalty

Any person who violates section 841(a)(1) or section 856 of this title by distributing, possessing with intent to distribute, or manufacturing a controlled substance in or on, or within one thousand feet of, the real property comprising a public or private elementary, vocational, or secondary school of a public or private college, junior college, or university, or a playground, or within 100 feet of a public or private youth center, public swimming pool, or video arcade facility, is (except as provided in subsection (b) of this section) subject to (1) twice the maximum punishment authorized by section 841(b) of this

title; and (2) at least twice any term of supervised release authorized by section 841(b) of this title for a first offense. A fine up to twice that authorized by section 841(b) of this title may be imposed in addition to any term of imprisonment authorized by this subsection. Except to the extent a greater minimum sentence is otherwise provided by section 841(b) of this title, a person shall be sentenced under this subsection to a term of imprisonment of not less than one year. The mandatory minimum sentencing provisions of this paragraph shall not apply to offenses involving 5 grams or less of marihuana.

In a seven-count indictment, Sean Ashley was charged as follows:

1. In count 1 Ashley was charged with knowingly and intentionally distributing on or about June 18, 1992, approximately 12.71 grams of cocaine base, a Schedule II controlled substance, within 1,000 feet of East Denver High School, a public secondary school in violation of 21 U.S.C. §§ 841(a) and 860;

2. In count 2 Ashley was charged with unlawfully and intentionally distributing on or about June 23, 1992, approximately 25.55 grams of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1);

3. In count 3 Ashley was charged with unlawfully and intentionally distributing on or about July 3, 1992, approximately 44.79 grams of cocaine base, a Schedule II controlled substance, within 1,000 feet of East High School, in violation of 21 U.S.C. §§ 841(a)(1) and 860;

4. In count 4 Ashley and one Ramona Jean Cooper were charged with unlawfully and intentionally distributing on or about July 11, 1992, approximately 53.31 grams of cocaine base, a Schedule II controlled substance, within 1,000 feet of East High School, in violation of 21 U.S.C. §§ 841(a)(1) and 860;

5. In count 5 Ashley was charged with unlawfully and intentionally distributing on or about August 19, 1992, approximately 46.50 grams of cocaine base, a Schedule II

* Honorable Wesley E. Brown, Senior District Judge, District of Kansas, sitting by designation.

controlled substance, within 1,000 feet of East High School, in violation of 21 U.S.C. §§ 841(a)(1) and 860;

6. In count 6 Ashley was charged with unlawfully and intentionally distributing on or about September 16, 1992, approximately 23.40 grams of cocaine base, a Schedule II controlled substance, within 1,000 feet of East High School, in violation of 21 U.S.C. §§ 841(a)(1) and 860; and

7. In count 7 Ashley was charged with unlawfully and intentionally distributing on or about December 1, 1992, approximately 411.52 grams of cocaine base, a Schedule II controlled substance, within 1,000 feet of East High School, in violation of 21 U.S.C. §§ 841(a)(1) and 860.

During the conference on jury instructions, there was colloquy between court and counsel as to whether section 860(a) sets forth a substantive offense independent of section 841(a)(1), or was merely a "sentencing enhancer" for one convicted under section 841(a)(1), and just how the jury should be instructed on the matter. Initially, the court and counsel for Ashley apparently agreed that section 860(a) was only a sentencing enhancer. Counsel for Ashley later changed his mind and then argued, along with counsel for Cooper, a co-defendant with Ashley in one count, that section 860(a) created a substantive offense and that one essential element of that offense was that the sale take place within 1,000 feet of a public school.

The district court eventually concluded that section 860(a) was only a sentencing enhancer and instructed the jury that it should disregard all testimony concerning the distance between the place of distribution and East High School. In this regard, the district court instructed the jury as follows:

Now, you will note that there is in the indictment certain language concerning the fact that this location was allegedly within 1,000 feet of a school. And you've heard certain testimony to that effect. I now instruct you that you should not be confused or concerned about the 1,000 feet because it's not going to appear in these instructions. The 1,000 feet within a school language in the indictment bears on a question that is a decision for the Court

alone at another point in the proceedings. So don't be confused by anything or any language concerning the allegation that this was with [sic] 1,000 feet of a school.

In line with the foregoing instruction given the jury, the district court went on to instruct the jury as follows:

The statute [here] in question, and there is only one statute that defines the substantive crime, is Section 841(a)(1) of Title 21 of the United States Code. It provides in part as follows. "It shall be unlawful for any person knowingly or intentionally to distribute a controlled substance." Now, there are several elements implicit in that statutory language, and I will define those elements for you.

In order to sustain its burden of proof for the crime of distribution of a controlled substance, as charged in all seven counts of the indictment, the government must prove that on each such occasion for each such charge, that the following elements were satisfied. One, that the defendant whose guilt you have under consideration at a particular time, either Mr. Ashley or Ms. Cooper, knowingly and intentionally distributed a measureable amount of cocaine base, the controlled substance charged in the indictment. Secondly, at the time of the distribution, the defendant in question, Mr. Ashley or Ms. Cooper, depending on who[m] you are looking at [at] the particular time, knew that the substance was cocaine base, a controlled substance.

So there are two elements; one is that the defendant knowingly and intentionally distributed a measurable amount of cocaine base, and two, at the time of such distribution, the defendant knew that the substance distributed was cocaine base, a controlled substance.

The jury acquitted Cooper, but convicted Ashley on all seven counts in the indictment. Ashley was sentenced under the United States Sentencing Guidelines ("U.S.S.G.") to imprisonment for 240 months. Ashley now appeals his convictions and sentence imposed thereon.

Ashley's initial argument is that the district court erred in holding that section 860(a) is only a sentencing enhancer and does not create a substantive offense. The government in this Court agrees with appellant. We also agree. An opinion from this Court filed after the trial in the instant case resolves this question. *See United States v. Smith*, 13 F.3d 380 (10th Cir.1993). In *Smith* we spoke as follows:

> We agree with those circuits that have concluded that § 860 constitutes an "offense" which has as an element of proof that the distribution occurred within 1,000 feet of a protected place. While some circuits construed § 860 before it was renumbered and amended, these differences do not affect our inquiry. Similarly, § 860(a) includes as protected places playgrounds and various types of schools. Some circuits construed the statute in the school context, yet the analysis of § 860(a) as an offense would also apply to a playground. *See United States v. Freyre–Lazaro*, 3 F.3d 1496, 1507 (11th Cir.1993) (holding that § 841(a) is a lesser included offense of § 860); *United States v. Scott*, 987 F.2d 261, 266 (5th Cir.1993) (same); *United States v. Thornton*, 901 F.2d 738, 741 (9th Cir.1990) (statute "incorporates the sentencing enhancement element into the underlying offense"); *United States v. Holland*, 810 F.2d 1215, 1218 (D.C.Cir.) (statute "adds an element to the offense of section 841(a)" which must be "proved"), *cert. denied*, 481 U.S. 1057, 107 S.Ct. 2199, 95 L.Ed.2d 854 (1987).

*Smith*, 13 F.3d at 382–83.

In this Court at oral argument, counsel for Ashley argued that Ashley's six convictions for distributing cocaine base within 1,000 feet of East High School should be reversed and the case remanded for a new trial.[1] In his written brief, counsel's position was basically the same as the government, i.e., the judgment and sentence should be reversed and the case remanded with direction that Ashley be adjudged guilty of violations of section 841(a)(1), a lesser included offense to section 860(a), and resentenced in accord with section 841(a)(1). We take a slightly different view of this matter.

In the present case, the jury was specifically instructed that evidence of the proximity of the six sales to East High School was irrelevant and should be disregarded. Further the jury was instructed that all seven counts were based on section 841(a)(1), and the jury's verdict was that Ashley was guilty of seven violations of section 841(a)(1). Accordingly, on the record before us we can only conclude that Ashley was convicted for violating section 841(a)(1), not section 860(a).

The follow-up question is whether thereafter Ashley was sentenced in accord with section 841(a)(1) or section 860(a). Our study of the presentence report and the transcript of the sentencing hearing indicates quite clearly, to us, that Ashley was sentenced pursuant to section 841(a)(1) and was not subjected to the stepped-up penalties provided for in section 860(a). Indeed, at page 12 of Ashley's opening brief, counsel concedes that in sentencing Ashley the "trial court did not enhance the Defendant's sentence based on the offenses having occurred 'within 1,000 feet of a school.'"

In sum, Ashley was not convicted under the provisions of section 860(a), as all parties apparently assume that he was. Instead, the district court erroneously withdrew any charge based on that statute from the jury's consideration in the mistaken belief that section 860(a) did not create a substantive offense and was only a sentencing enhancer. Such, of course, was to Ashley's benefit. In any event, it is too late to inject that statute back into the case. Accordingly, the case was submitted to the jury on the basis of section 841(a)(1), a lesser included offense encompassed in section 860(a). In this regard, we note, parenthetically, that section 841(a)(1) was specifically identified in all seven counts of the indictment. So, Ashley, in all seven counts, was convicted of violating section 841(a)(1), and he was then sentenced in accord with that statute. He was not subjected to the stepped-up penalties provid-

---

1. As indicated, count 2 charged Ashley with distributing cocaine base on June 22, 1992, without any reference to the proximity of the sale to East High School. So, the "within 1,000 feet" argument has no relevancy to Ashley's conviction on count 2.

ed for in section 860(a). Thus, the premise that Ashley was convicted under section 860(a) is simply incorrect.[2]

Subsequent to the return of the jury's verdicts, counsel moved to dismiss count 7 on the basis of outrageous government conduct. An evidentiary hearing was held on this matter, at the conclusion of which the district court denied the motion. Counsel now asserts this was error. In this regard, we are only concerned with count 7.

As indicated, the seven counts were based on seven separate transactions. The seventh transaction was based on an alleged distribution occurring on or about December 1, 1992, and involving the distribution of 411.52 grams of cocaine base. Counts 1 through 6 involved the total distribution of only 206.26 grams of cocaine base. It was counsel's position that the seventh and last distribution was for the purpose of "ratcheting up" the total amount of cocaine base involved in the seven transactions so that Ashley would be subject to a more severe sentence.

At the hearing on this matter, Ashley's trial counsel, who represents him on appeal, testified that at some point during the trial he had conversation with a drug agent named Pope, who, in response to inquiry, said that the reason for the last transaction was to "up" the amount of cocaine base involved and thereby "up" Ashley's base offense level. Agent Pope testified and denied making such a statement. His testimony was corroborated, to a degree, by a fellow drug agent.

In any event, the district court was of the view that defense counsel had misunderstood Officer Pope and held, in effect, that Pope had not made the statement attributed to him by defense counsel. And there was testimony that the reason for the seven transactions was an effort by the government to determine Ashley's drug supplier and to determine whether he was acting in concert with others. Also, there was testimony that the DEA wanted to have an undercover agent accompany Williams, a "cooperating" drug offender, on some of these sales, believing that the testimony of the undercover agent might have greater credibility in the eyes of the jury than the testimony of a drug offender who, in exchange for favors, was "cooperating" with the authorities.[3] We find no error in the district court's denial of defendant's motion to dismiss count 7. The government didn't have to make an arrest after the first transaction, and its decision to go forward and arrange for other transactions was not outrageous, in our view.

In support of the foregoing, *see United States v. Diggs*, 8 F.3d 1520 (10th Cir.1993), where at p. 1525, we spoke as follows:

Under the above circumstances, we cannot hold that the government's conduct was so outrageous that "due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction." [*United States v.*] *Russell*, 411 U.S. [423] at 431–32, 93 S.Ct. [1637] at 1642–43 [36 L.Ed.2d 366]. It is not outrageous for the government to induce a defendant to repeat or continue a crime or even to induce him to expand or

---

**2.** In view of our conclusion that Ashley was not convicted under section 860(a), we need not here consider Ashley's next argument that his convictions on six counts of distributing cocaine base "within 1,000 feet of a school" must be reversed because the government did not establish that Ashley's place of business on East Colfax Avenue in Denver, Colorado, where six of the seven sales occurred, was within 1,000 feet of East Denver High School.

**3.** Evelyn King Williams was arrested on January 30, 1992, for the sale of cocaine. She agreed to "cooperate" with the authorities in exchange for not being charged with a drug violation. On June 18, 1992, Williams made a buy of cocaine base from Sean Ashley at Ashley's place of business at 2424 East Colfax, Denver, Colorado. She

also made a second buy on June 23, 1992, from Sean Ashley, which did not occur at Ashley's business premises. On July 3, 1992, she made a third buy from Ashley at his place of business. On July 31, 1992, Williams made a fourth buy from Ashley at his place of business. On this occasion she was accompanied by Suzanne Reid, a DEA undercover agent. On August 19, 1992, Williams, accompanied by Reid, made a fifth buy from Ashley at his business premises. On September 16, 1992, Reid, unaccompanied by Williams, made a cocaine base buy from Ashley at his place of business. On December 1, 1992, Reid, again unaccompanied by Williams, made a buy of 411.52 grams of cocaine base for $13,500. On this last transaction, Ashley, after a brief chase, was arrested.

extend previous criminal activity. [*United States v.*] *Mosley,* 965 F.2d [906] at 911; [*United States v.*] *Cantwell,* 806 F.2d [1463] at 1468–69 & n. 3. In order to induce a suspect to repeat, continue, or expand criminal activity, the government can suggest the illegal activity. *United States v. Biswell,* 700 F.2d 1310, 1313 (10th Cir.1983) (government agent suggested selling food stamps).

Lastly, Ashley challenges on constitutional grounds section 841(b)(1)(A)(iii) and U.S.S.G. § 2D1.1(a)(3), both of which, for sentencing purposes, treat one gram of cocaine base as the equivalent of 100 grams of cocaine powder. Counsel claims that such violates Ashley's due process rights and denies him equal protection of the laws. He further asserts that such has an unconstitutional impact on black persons. At sentencing, both Ashley and the government called a chemist, each of whom testified regarding the differences between cocaine base and other forms of cocaine. Be all that as it may, these same arguments have been considered and rejected by us. *See United States v. Thurmond,* 7 F.3d 947 (10th Cir.1993) (enhanced penalty scheme for one distributing cocaine base, as opposed to cocaine powder, did not violate due process and was not enacted for a discriminatory purpose), *cert. denied,* —— U.S. ——, 114 S.Ct. 1311, 127 L.Ed.2d 661 (1994); *United States v. Turner,* 928 F.2d 956 (10th Cir.) (sentencing guidelines that treat one gram of cocaine base as equivalent to 100 grams of cocaine powder does not violate due process), *cert. denied,* —— U.S. ——, 112 S.Ct. 230, 116 L.Ed.2d 187 (1991).

Although, as above indicated, the district court did not submit to the jury *any* charge based on § 860(a), in its formal "Judgment in a Criminal Case" the district court nonetheless did recite that Ashley had been convicted by a jury of the following offenses: "21 U.S.C. §§ 841(a)(1) and 860, and 18 U.S.C. § 2." Accordingly, that part of the judgment which states that Ashley was convicted of violating 21 U.S.C. § 860 is hereby vacated. Otherwise, the judgment finding Ashley guilty of § 841(a)(1) and 18 U.S.C. § 2 (aider and abettor is punishable as a principal) is

affirmed and the sentence imposed thereon is also affirmed.