STATE of Utah, Plaintiff and Appellee,

v.

**Joseph P. POWASNIK, Defendant and Appellant.**

No. 960116–CA.

Court of Appeals of Utah.

May 31, 1996.

Blaine Perry McBride, Salt Lake City, for Appellant.

Jan Graham, Attorney General, and James H. Beadles, Assistant Attorney General, Criminal Appeals Division, Salt Lake City, for Appellee.

Before DAVIS, GREENWOOD and JACKSON, JJ.

## OPINION

JACKSON, Judge:

Joseph P. Powasnik appeals his conviction for distribution of a controlled substance within 1000 feet of a public park, a first degree felony, in violation of Utah Code Ann. § 58–37–8(5)(a)(ix) (1996). The State concedes the trial court incorrectly treated the issue of the offense's proximity to a public park as a sentencing question rather than an element of the offense to be decided by the jury. Accordingly, we reverse and remand.

## BACKGROUND

After an investigation by the Tri–County Narcotics Task Force, officers arrested Powasnik. The State charged Powasnik with distributing methamphetamine, a second degree felony, in violation of Utah Code Ann. § 58–37–8(1)(a)(ii) (1996). The State also alleged the offense occurred within 1000 feet of a public park in Logan, Utah; thus, upon conviction Powasnik would be subject to the

penalties of a first degree felony pursuant to section 58–37–8(5) of the Utah Code.

Before trial, the court announced it would proceed as follows:

> If the jury finds those facts [supporting conviction for distribution of a controlled substance] to be true beyond a reasonable doubt, they may return a verdict of guilt. When that occurs, if it does, the court, then, would hear evidence from Mr. Jenkins in behalf of the State as to if it occurred within 1000 feet of a park. If I find beyond a reasonable doubt that that in fact occurred then there would be the enhancement.

The jury found Powasnik guilty of distributing a controlled substance. Two weeks later, the trial court convened a bench hearing to determine whether the offense occurred within 1000 feet of a public park.

At that hearing, the officer who measured the distance between the residence where the drugs were sold and Merlin Olsen Park testified it was 800 feet. The officer also testified he did not know whether the pedometer he used to measure the distance had been calibrated. The State offered to provide evidence of the pedometer's calibration or to remeasure the distance. Rather than accept the State's offer, the trial court instead asked the officer how many blocks separated the residence in question from the park. The officer responded the residence was approximately twenty feet from the corner of 200 East and 200 South, and the distance from there to the park was only one block.

The trial court announced it would take judicial notice of the length of blocks in Logan and the location of the house and the park. The trial court further stated:

> Whether this court can take judicial notice or not, I am fully aware that the blocks in Logan are about 800 feet. I'm not unfamiliar with that location, it having been described both at trial and otherwise. I find that in fact the occurrence was within 1000 feet of a park. The conviction, then, will be enhanced to a first degree felony.

The trial court consequently sentenced Powasnik to a first degree felony, and Powasnik now appeals.

## ISSUE AND STANDARD OF REVIEW

We address a single issue on appeal: whether the penalty enhancement provisions of section 58–37–8(5) constitute an element of the underlying offense that must be proved beyond a reasonable doubt to the same trier of fact who decided guilt on the predicate crime.[1] A trial court's interpretation of a statute is a question of law that we review for correctness. *State v. Larsen*, 865 P.2d 1355, 1357 (Utah 1993). We accord no deference to the trial court's legal conclusions arising from its interpretation. *See id.*

## ANALYSIS

It is well-established that defendants convicted of distributing, possessing, or manufacturing controlled substances are subject to enhanced penalties if their offense occurred within 1000 feet of certain public places, such as schools and public parks. *See* Utah Code Ann. § 58–37–8(5) (1996); *State v. Moore*, 782 P.2d 497, 502–05 (Utah 1989); *State v. Vigh*, 871 P.2d 1030, 1035 (Utah App.1994); *State v. Stromberg*, 783 P.2d 54, 58–61 (Utah App.1989), *cert. denied*, 795 P.2d 1138 (Utah 1990). And today we explicitly announce the penalty enhancement statute adds an extra element to those drug offenses that must be proved beyond a reasonable doubt to the same trier of fact who decides the predicate offense.

In prior Utah cases interpreting the penalty enhancement statute, the trier of fact for the predicate offense always has been the same trier of fact who found the offense occurred within the requisite 1000 feet of a specified public place. *See, e.g., Vigh*, 871 P.2d at 1035. Here, on the other hand, a jury found Powasnik guilty of distribution while the trial court found the offense occurred within 1000 feet of a public park. Powasnik's case thus presents a question of first impression and requires us to interpret

---

1. Because we conclude the trial court erred when it declined to submit the issue of the 1000-foot penalty enhancement to the jury and instead conducted its own "sentence enhancement hearing," we do not analyze issues arising from that hearing.

the relationship between the subsections of Utah Code Ann. § 58–37–8 (1996).

■ The penalty enhancement provision provides, in relevant part:

Notwithstanding other provisions of this section, a person not authorized under this chapter who commits any act declared to be unlawful under this section ... is *upon conviction subject to the [enhanced] penalties and classifications under Subsection 5(b) if the act is committed [in, on, or within 1000 feet of specified public places].*

*Id.* § 58–37–8(5)(a) (1996) (emphasis added). The legislature enacted the penalty enhancement statute in 1986 "to protect the public health, safety, and welfare of children of Utah from the presumed extreme potential danger created when drug transactions occur on or near a school ground [or other public places frequented by children]." *Moore,* 782 P.2d at 503. Thus, the law's overarching purpose is to create "drug-free zones" around schools and other specified places "to protect children from the influence of drug-related activity." *Stromberg,* 783 P.2d at 60. The statute achieves that goal by increasing penalties for drug offenses committed within 1000 feet of specified public places. *See* Utah Code Ann. § 58–37–8(5) (1996).

The text of the statute suggests the same trier of fact who determines the underlying charge of distribution, manufacture, or possession also must decide the question of distance. The phrase "upon conviction" used together with the phrase "if the act is committed" indicates that defendants' sentences will be enhanced automatically when the trier of fact first finds them guilty of possession, distribution, or manufacture and second finds that they committed the offense within 1000 feet of a prohibited place. The penalty enhancement subsection depends upon the subsections defining unlawful acts. The statute thus requires the *same* trier of fact who found the defendant guilty of an underlying offense to answer simultaneously the question of where the defendant committed the offense.

Similarly, we previously have suggested the penalty enhancement statute creates an additional element for the underlying drug charge. In *Stromberg,* we observed, "the crime for which defendant stands convicted is identical to the offense of possessing controlled substances, except for *the additional element* that the offense must occur with 1,000 feet of a school." 783 P.2d at 60 (emphasis added). The penalty enhancement statute incorporates questions of location and distance into the underlying offense. The State must prove those additional facts to the trier of fact who finds defendants guilty of the predicate crime. *See McMillan v. Pennsylvania,* 477 U.S. 79, 84, 106 S.Ct. 2411, 2415, 91 L.Ed.2d 67 (1986) (observing " 'the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.' " (quoting *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970))). In essence, the penalty enhancement constitutes a distinct crime separate and apart from possession, distribution, or manufacture of a controlled substance.

■ Utah modeled its drug penalty enhancement statute after the Federal Controlled Substances Penalties Amendments Act of 1984. *See* Tape of House Floor Debates, 44th Legislature, General Session (Feb. 12, 1986) (Statement of Rep. Moss); *see also Vigh,* 871 P.2d at 1035; *Stromberg,* 783 P.2d at 59 n. 3. *Compare* 21 U.S.C. § 860(a) (1994) (federal penalty enhancement provision) *with* Utah Code Ann. § 58–37–8(5) (1996) (Utah's penalty enhancement provision). Federal case law thus serves as persuasive authority in determining the proper procedure for prosecuting the 1000–foot penalty enhancement.

Federal courts uniformly have held the penalty enhancement statute creates an additional element for the underlying crime that must be proved to the same trier of fact. *See, e.g., United States v. Ashley,* 26 F.3d 1008, 1011 (10th Cir.) (collecting similar cases), *cert. denied,* —— U.S. ——, 115 S.Ct. 348, 130 L.Ed.2d 303 (1994); *United States v. Smith,* 13 F.3d 380, 382 (10th Cir.1993) (stating statute "constitutes an 'offense' which has as an element of proof that the distribution occurred within 1,000 feet of a protected place"); *United States v. Freyre–Lazaro,* 3 F.3d 1496, 1507 (11th Cir.1993) (holding predicate crime is lesser included offense of penalty enhancement statute), *cert. denied,* —— U.S. ——, 114 S.Ct. 1385, 128

**150**

L.Ed.2d 59 (1994); *United States v. Scott,* 987 F.2d 261, 266 (5th Cir.1993) (same); *United States v. Thornton,* 901 F.2d 738, 741 (9th Cir.1990) (stating statute "incorporates the sentencing enhancement element into the underlying offense"); *United States v. Holland,* 810 F.2d 1215, 1218 (D.C.Cir.) (stating statute "adds an element to the offense" that must be "proved"), *cert. denied,* 481 U.S. 1057, 107 S.Ct. 2199, 95 L.Ed.2d 854 (1987).

In the present case, the trial court incorrectly reserved the issue of the 1000–foot penalty enhancement for a separate sentencing hearing. The trial court failed to note and effectuate the relationship between the several subsections of Utah Code Ann. § 58–37–8 (1996). Section 58–37–8(5) "incorporates the sentencing enhancement element into the underlying offense." *Thornton,* 901 F.2d at 741. Consequently, the question of *where* the underlying drug offense took place must be determined by the same trier of fact who decides whether defendants are guilty of possession, distribution, or manufacture of a controlled substance.

## CONCLUSION

■ We hold Utah's drug penalty enhancement statute creates an additional element for the underlying offenses of distribution, possession, or manufacture of a controlled substance. That additional element must be proved beyond a reasonable doubt to the same trier of fact who decides the predicate crime. The State concedes the trial court incorrectly reserved the issue of the 1000–foot penalty enhancement until Powasnik's sentencing. Accordingly, we vacate Powasnik's conviction for a first-degree felony, enter a judgment of conviction for a second-degree felony, and remand to the trial court for imposition of sentence.[2]

DAVIS, Associate P.J., and GREENWOOD, J., concur.

---

**2.** Utah appellate courts may modify criminal convictions and enter judgments of conviction for a lesser included offense on appeal. Utah Code Ann. § 76–1–402(5) (1995); *State v. Dunn,* 850 P.2d 1201, 1209–11 (Utah 1993).