**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 7 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

      v.

KERI PORTER, also known as
Blacky,

      Defendant - Appellant.

No. 96-1499

(D. Colorado)

(D.C. No. 96-CR-86-Z)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Keri Porter entered a conditional guilty plea to the charge of possession with the intent to distribute crack cocaine and was sentenced to 57 months' imprisonment and five years' supervised release. The single issue on appeal is whether the penalty disparity between powder and crack cocaine as provided in 21 U.S.C. § 841(b)(1) and USSG § 2D1.1 is constitutional. In particular, the Defendant asserts that the penalty provisions are racially discriminatory in violation of the equal protection and due process clauses of the Fourteenth Amendment, constitute cruel and unusual punishment in violation of the Eighth Amendment, and are void for vagueness. Appellant's Br. at 5.

In raising this issue, the Defendant openly acknowledges that this circuit has consistently upheld the penalty disparity between powder and crack cocaine in the face of constitutional challenges, and asserts the only reason for bringing the issue yet again before this court is to preserve the issue for possible review by the United States Supreme Court. Appellant's Br. at 5.

It is the law of this circuit that the penalty provisions outlined in 21 U.S.C. § 841(b)(1) and USSG § 2D1.1 are constitutional. See United States v. Williamson, 53 F.3d 1500, 1503 (10th Cir. 1995) (holding that USSG § 2D1.1 is not violative of equal protection); United States v. Ashley, 26 F.3d 1008, 1013 (10th Cir. 1994) (holding that the penalty disparity between powder and crack cocaine does not violate due process or equal protection); United States v.

Thurmond, 7 F.3d 947, 951-52 (10th Cir. 1993) (holding that penalty disparity between powder and crack cocaine does not violate due process and was not enacted for a discriminatory purpose); United States v. Easter, 981 F.2d 1549, 1557-59 (10th Cir. 1992) (holding that 21 U.S.C. § 841(b)(1) and USSG § 2D1.1 do not violate equal protection and are not void for vagueness); United States v. Turner, 928 F.2d 956, 960 (10th Cir. 1991) (holding that penalty disparity between powder and crack cocaine does not violate due process).

Accordingly, the sentence imposed by the district court is AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge