**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 7 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL DUANE GRANT,

Defendant-Appellant.

No. 00-3345
(D.C. No. 00-40012-01)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant was apprehended selling drugs at a sting operation across the street from the Washburn University campus. He pled guilty to distributing 11.7

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

grams of crack cocaine within 1000 feet of a school, 21 U.S.C. §§ 841(a)(1), 860, and received a sentence of 70 months' imprisonment and 8 years' supervised release. [1] He argues that, by selecting a location near the university for the sting operation and offering favorable prices for sales completed there, government officers engaged in outrageous conduct with the purpose of entrapping him into an offense carrying inflated sentencing consequences. Upon review of the record and our case law on the related defenses of sentencing entrapment/outrageous government conduct, we affirm defendant's sentence for substantially the reasons stated in the district court's order of October 20, 2000.

In *United States v. Lacy*, 86 F.3d 956 (10th Cir. 1996), this court held that allegations of improper government efforts designed to inflate sentencing should be analyzed as a claim of outrageous conduct, which focuses on the government's

---

[1] The court determined defendant's Base Offense Level (BOL) pursuant to U.S.S.G. § 2D1.2 ("Drug Offenses Occurring Near Protected Locations."). Under § 2D1.2(a)(1), the BOL was "2 plus the offense level from § 2D1.1 applicable to the quantity of controlled substances directly involving a protected location," i.e., 2 + 26 = 28. After reductions for acceptance of responsibility and cooperation under § 3E1.1(a), (b), the offense level fell to 25. There were no enhancements. Given defendant's criminal history, the Guidelines directed a sentence of 70 to 87 months, and the court chose the minimum. The supervised release was statutorily mandated. *See* § 860(a) (adopting sentencing provisions of § 841, but doubling maximum prison and minimum supervised release terms); § 841(b)(1)(B) (mandating 4-year term of supervised release for drug type/quantity here). We note § 860 is a separate substantive offense, not a mere enhancement relating to § 841(a)(1). *United States v. Smith*, 13 F.3d 380, 382-83 (10th Cir. 1993); *accord Watterson v. United States*, 219 F.3d 232, 236 (3d Cir. 2000).

behavior, rather than as a species of entrapment, which looks instead to the defendant's criminal predisposition. *Id.* at 963 & n.5; *see also United States v. Eads*, 191 F.3d 1206, 1212 (10th Cir. 1999). Accordingly, the following review principles control here:

> Defendants have the burden of proving outrageous government conduct, . . . and we review this issue de novo, with factual findings reviewable under the clearly erroneous standard. The outrageous conduct defense . . . is an extraordinary defense that will only be applied in the most egregious circumstances. In order to prevail, the defendant must show that the challenged conduct violated notions of fundamental fairness and is shocking to the universal sense of justice.

*United States v. McKissick*, 204 F.3d 1282, 1294 (10th Cir. 2000) (quotations and citations omitted).

Defendant relies on three facts to establish outrageous conduct here: (1) the government selected a location within the statutory 1000-foot radius of the school to set up its sting operation, when the lessor offered other properties to rent which were farther away; (2) the government instructed its informant/buyer to ask that sales take place at the selected location and, if a seller hesitated, to say that he had no transportation to go elsewhere; and (3) the government had its informant offer to pay favorable prices to attract sellers. These facts do not demonstrate the kind of egregious circumstances necessary to warrant relief under the standards set out above.

Nothing in the record indicates the government selected the location *because* it was near a school. The evidence shows only that the government rejected a few suggested alternatives because they were located in heavy drug trafficking areas and would likely lead to quicker exposure of the sting operation. There was also no evidence that encouraging sales at the sting location reflected anything other than the intent to make use of the videotape set-up installed there to record the transactions. Finally, as to price manipulation, the record on appeal includes general, conclusory references by counsel to offers of "more than the going rate," R. Vol. 1, doc. 55 at 4, "a great deal more than what was the going rate," R. Vol. 3 at 6, and "a little better than market price," *id.* at 8. Our cases have rejected outrageous conduct claims based on financial inducement, even when substantial incentives were offered to those in fairly desperate straits. *See United States v. Sandia*, 188 F.3d 1215, 1220 (10th Cir. 1999); *United States v. Mosley*, 965 F.2d 906, 913 (10th Cir. 1992). Relief might be available if it were "clear from the record that the price was shockingly cheap [or expensive, if the government acts as buyer]," *Mosley*, 965 F.2d at 913, but we lack evidence, or even allegations, rising to that level here. Further, there is no evidence that defendant's initial reluctance to do business at the sting location turned on its proximity to the school–and there certainly are other reasons a dealer might prefer to operate from a location of his own choice.

We have repeatedly stated that "[i]t is not outrageous for the government . . . to induce a defendant to repeat, continue, or even expand previous criminal activity." *United States v. Gell-Iren*, 146 F.3d 827, 831 (10th Cir. 1998) (quoting *United States v. Pedraza*, 27 F.3d 1515, 1521 (10th Cir. 1994)). While the sting location used by the government had the effect of raising the stakes involved for defendant (after an initial crack sale to the informant at defendant's residence), and the lure of extra profit may have played a role in inducing him to repeat or expand his criminal activity, the facts of this case still fall within the wide range of permissible government conduct. *See generally Mosley*, 965 F.2d at 910 (in assessing outrageous conduct claims, "[w]ide latitude is accorded the government to determine how best to fight crime").

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge