**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Sean ASHLEY, Defendant–Appellant.**

No. 01–1193.

United States Court of Appeals,
Tenth Circuit.

April 26, 2002.

Before SEYMOUR, HENRY and BRISCOE, Circuit Judges.

### ORDER AND JUDGMENT [*]

SEYMOUR, Circuit Judge.

Sean Ashley, a federal prisoner appearing pro se, appeals the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2255. He seeks collateral relief from the conviction and sentence imposed, contending on appeal that the government committed *Brady* violations by failing to disclose alleged investigative reports material to his case. He also contends he received ineffective assistance of counsel in violation of his Sixth Amendment rights.

We must determine whether Mr. Ashley is entitled to a certificate of appealability. In so determining, we examine whether he has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). On appeal, Mr. Ashley renews the claims he raised below without specifically challenging the district court's determinations in its order. In other words, he has provided us with no reasons why we should question the district court's ruling on the merits of his claims.

In 1993, a jury found Mr. Ashley guilty of distributing crack cocaine on seven separate occasions. The district court sentenced him to 240 months in prison. We affirmed the conviction. *United States v. Ashley,* 26 F.3d 1008 (10th Cir.1994). Mr. Ashley filed this habeas petition in district court in April, 1997. The district court denied his three claims on the merits and

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

dismissed Mr. Ashley's motions to amend as untimely under AEDPA.

Mr. Ashley asserts two main claims on appeal. First, he maintains the government failed to disclose information pursuant to *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Second, he contends the district court erred when it denied his claims of ineffective assistance of counsel (IAC).

■ To establish a *Brady* violation, a defendant must show: "1) that the prosecution suppressed evidence; 2) that the evidence was favorable to the accused; and 3) that the evidence was material." *United States v. McElhiney,* 275 F.3d 928, 932 (10th Cir.2001) (quoting *Smith v. Secretary of N.M. Dep't of Corr.,* 50 F.3d 801, 824 (10th Cir.1995)). Mr. Ashley contends the prosecution did not disclose alleged surveillance tapes and/or reports produced as part of the investigative actions that led to Mr. Ashley's indictment.

The district court rejected his *Brady* claim, reasoning that Mr. Ashley's contentions were mere speculation as he failed to present any evidence that the tapes and reports he claimed were not disclosed even exist. Furthermore, the court held Mr. Ashley presented no evidence to demonstrate that, even if such material exists, their disclosure would have affected the outcome of the proceeding. We agree. Because Mr. Ashley fails to satisfy the first prong of the *Brady* test, his claim fails in its entirety.

Mr. Ashley's IAC claim was similarly rejected by the district court. His claim is premised on two grounds. First, he claims his counsel inadequately investigated a "sentencing entrapment" defense and failed to request disclosure of the alleged *Brady* materials discussed *supra.* He also maintains his counsel was ineffective because he stipulated at trial that the substance in question was crack cocaine.

■ Following the Supreme Court's rule in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), that a claimant must show counsel's performance was deficient and such deficiency was prejudicial, the district court ruled that in neither situation was counsel's performance "deficient." Mr. Ashley contends that his counsel's performance was deficient insofar as counsel "made no inquiry or specific discovery" relating to the defense of sentencing entrapment. Aplt. Br. at 18 (emphasis removed).

This circuit does not recognize sentencing entrapment as an independent defense. Rather, when a defendant alleges that the government undertook actions for the sole purpose of increasing a suspect's punishment at sentencing, any related defense is asserted under the "outrageous government conduct" standard. *See United States v. Lacey,* 86 F.3d 956, 963–64 (10th Cir.1996). With that in mind, the district court noted that Mr. Ashley's attorney had filed a *Brady* motion requesting disclosure of material which "tends to establish ... the defense of *outrageous government conduct* [and] entrapment." Aplt.App., doc. 20, at 3 (emphasis added). Mr. Ashley's claim is thus facially incorrect. We agree with the district court that counsel's conduct was not deficient.

■ The second basis for Mr. Ashley's IAC claim is premised on his counsel's decision to accept the government's stipulation that the drugs involved in this case were cocaine base.[1] Mr. Ashley contends counsel's performance was deficient be-

---

1. The district court pointed out that Mr. Ashley's counsel did not stipulate that the substance was crack cocaine, but rather stipulated that the government's chemist would testify as to the weight and composition of specified exhibits.

cause counsel accepted the government's assertion that the drug was cocaine base (based upon forensic laboratory reports) "without first investigating the law and facts regarding crack cocaine, cocaine base, and cocaine hydrochloride." [2] Aplt. Br. at 22. In so doing, Mr. Ashley maintains counsel failed to put the government to its proof.

The government is required to prove by a preponderance of the evidence facts supporting a sentence. *See United States v. Cruz,* 58 F.3d 550, 555 (10th Cir.1995). Aside from the stipulation, the record contains numerous references to the fact that the drugs involved in the case were cocaine base or crack. For example, the government's key witness testified that she purchased crack cocaine from Mr. Ashley after specifically ordering crack cocaine (cocaine base), and not powder cocaine (cocaine hydrochloride). Thus, even had Mr. Ashley's counsel not stipulated as he did, there was ample evidence supporting the conclusion that Mr. Ashley distributed a substance that constituted cocaine

base. Furthermore, Mr. Ashley has presented no evidence whatsoever to contradict the government's evidence that the substances involved were *not* cocaine base.

■ We decline to hold that counsel's decision to stipulate to the government expert's testimony constitutes deficient performance. Mr. Ashley's counsel did stipulate that the expert would testify that the drugs seized in conjunction with his arrest were cocaine base. In doing so, it appears that counsel made a legitimate strategic choice to prevent the presentation of harmful evidence to the jury by stipulating rather than having the government forensics expert take the stand. *See United States v. Davis,* 36 F.3d 1424, 1433 (9th Cir.1994). Mr. Ashley failed to demonstrate that his counsel's decisions not to retain a defense chemist, challenge the prosecution's chemist, or make an issue of the chemist's conclusions was anything other than sound trial strategy. We conclude that there was no ineffective assistance of counsel.[3]

---

**2.** Mr. Ashley makes much of the government's alleged failure to prove that the substance was, in fact, crack cocaine. The indictment refers to "cocaine base, also known as 'crack,'" Aplt.App. doc. 1, ex. 1, rather than simply cocaine base. However, neither the statute under which Mr. Ashley was indicted and convicted nor the sentencing guideline under which he was sentenced made a distinction between "crack cocaine" and "cocaine base." *See* 21 U.S.C. §§ 841(a)(1); 841(b)(1)(A) (1992); U.S.S.G. § 2D1.1 (1992). The sentencing guidelines did not mention "crack" until the amendments effective November 1, 1993. U.S.S.G.App. C., Amend. 487. Under that amendment, crack is treated as a synonym for cocaine base. *Id.*

While, prior to the above mentioned amendment, there was a circuit split as to the definition of "cocaine base," *see United States v. Turner,* 928 F.2d 956, 960 (10th Cir.1991), it is clear that crack was always included within the definition of cocaine base. *Id.* The indictment's language implicitly treats

"crack" and "cocaine base" as interchangeable terms. The fact that forensic evidence did not specifically refer to findings that the substance involved was "crack" does not undermine the validity of the verdict and sentence. *See United States v. Cantley,* 130 F.3d 1371, 1379 (10th Cir.1997); *United States v. Wilson,* 103 F.3d 1402, 1407 (8th Cir.1997).

**3.** Mr. Ashley asserts another claim regarding proof that the substance involved in this case was cocaine base or crack. He makes what appears to be a claim based upon the Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Mr. Ashley attempted to raise this claim below in an amendment to his 2255 petition. The district court rejected the amendment, ruling that it was time-barred because it was not timely filed within one year of the effective date of AEDPA and because it was "separate 'in time and type'" from the claims covered in his timely petition. Aplt.App., doc. 20, at 5 (quoting *United States v. Craycraft,* 167 F.3d 451, 457 (8th Cir.1999).

Having carefully reviewed Mr. Ashley's briefs, the district court's order, and the law involved in the claims he makes, we hold that Mr. Ashley's petition presents no issue that reasonable jurists would find "debatable or wrong." *Id.* We therefore DENY his request for a certificate of appealability and DISMISS the appeal. Mr. Ashley's motion to proceed *in forma pauperis* is GRANTED.

We review a trial court's decision on whether to allow amendment of pleadings for abuse of discretion. *Gillette v. Tansy,* 17 F.3d 308, 312 (10th Cir.1994). Fed.R.Civ.P. 15 allows a party to amend or supplement a 2255 petition " 'as long as the petition itself was timely filed and the petitioner does not seek to add an entirely new claim or new theory of relief.' " *United States v. Espinoza–Saenz,* 235 F.3d 501, 504 (10th Cir.2000) (*quoting United States v. Thomas,* 221 F.3d 430, 436 (3rd Cir.2000)). The district court determined the *Apprendi* claim constituted a new theory of relief and we agree. Thus, Mr. Ashley's amendment is treated as a successive habeas application.

Under AEDPA, a prisoner may bring a successive habeas petition if it relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255 para 8. While the *Apprendi* decision constitutes a new rule of constitutional law, the Supreme Court has yet to decide whether to make the rule in that case retroactive to cases on collateral review. *See Browning v. United States,* 241 F.3d 1262, 1265–66 (10th Cir.2001) (en banc). Thus, as of now, Mr. Ashley may not raise *Apprendi* claims in a successive habeas petition, as he did here. We therefore hold that the trial court's decision to reject Mr. Ashley's amendment did not constitute an abuse of discretion. Because we reject Mr. Ashley's *Apprendi* claim on procedural grounds, we need not deal with his claim on the merits.