**UNITED STATES COURT OF APPEALS**
**Filed 7/10/96**
**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

TIMOTHY KEITH WOODARD, JR.,

      Defendant-Appellant.

No. 95-3203
(D.C. No. 94-CR-10052-1)
(District of Kansas)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **KELLY,** Circuit Judge.

In their respective briefs, counsel for appellant, Timothy Keith Woodard, Jr., and counsel for the government both stated that oral argument was not requested. After examining the briefs and appellate record, this panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case was therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3

In April, 1994, the Wichita Police Department received information from different sources that marijuana was being sold by a person living at 1724 S. Battin in Wichita, Kansas. The police determined that Timothy Keith Woodard, a Wichita fireman, resided in an apartment at that address, and surveillance was established. On April 26, 1994, officers observed a red Honda, driven by a person later identified as Percy McClendon, stop at Woodard's residence. The driver entered Woodard's apartment, shortly thereafter departed therefrom and then returned within a few minutes, entering the residence through a back door. At this point the police officers decided to conduct a so-called "knock and talk" approach.

Officers knocked on the front door of 1724 S. Battin, and Woodard answered the knock. The officers identified themselves and advised Woodard that they had received complaints relative to possible drug sales from his residence. Woodard assured the officers that such was not occurring, and futher stated that he was a member of the Wichita Fire Department and had just gotten off work. The officers then asked if they could search the premises and satisfy themselves that the complaints were unfounded. At this point, Woodard turned around and walked out of the officers' sight toward the bathroom and bedroom area. He then returned to the officers, who, again, asked if they could "look around," to which Woodard replied, "You can come in and look around. I don't have anything to hide. I don't have anything here."

Upon entering the premises the officers observed one Percy McClendon, who was

the person they had previously observed driving the red Honda and entering Woodard's apartment. A search of the premises disclosed a plate in the microwave oven which had chunks of cocaine base on it totaling 48 grams. 59 grams of marijuana were found in a Crown Royal bag behind the stove in the kitchen. The marijuana was individually packaged in 15 small ziploc bags, all contained in one large bag.

The search of Woodard's residence also revealed a set of digital scales which were later determined to have crack cocaine residue on them. Also two pagers and approximately $460 were found in a wastebasket in the bathroom of the apartment. A cellular phone and another pager were found on top of the refrigerator in the apartment. Other drug paraphernalia was also discovered, including hemostats, razor blades, baking soda, and ziploc bags. A loaded Lorcin .25 caliber automatic handgun was discovered in a bedroom dresser drawer. Finally, a notebook containing names of various individuals with dollar amounts next to their names was also seized.

In his post-arrest statement and in his testimony at trial, Woodard stated that the marijuana was his, though it had been given him by a friend and was for personal use only. He denied knowledge of any cocaine in the microwave. He did admit possession of the drug ledger, the scales and the Lorcin .25 caliber firearm, which he said was not loaded.

By indictment, Woodard and McClendon were charged with possessing with an intent to distribute 48 grams of cocaine base (crack cocaine) in violation of 21 U.S.C. §

841(a)(1) and with aiding and abetting in violation of 18 U.S.C. § 2. In Count 2 Woodard only was charged with possessing with an intent to distribute 59 grams of marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

Prior to trial, both Woodard and McClendon filed motions to sever their trials. Those motions were denied. A jury convicted Woodard on both counts and McClendon on Count 1. Woodard was sentenced to imprisonment for 121 months on Count 1 and 60 months on Count 2, to be served concurrently. Woodard appeals.[1] We affirm.

Woodard first argues that the district court erred in denying his motion to sever his trial from McClendon's. The denial of a motion to sever is reviewed by us for abuse of discretion. *United States v. Wacker*, 72 F.3d 1453 (10th Cir. 1995). In *Wacker* we said that a defendant in seeking a severance "bears the heavy burden of demonstrating prejudice to his case." *Id.* at 1468 (internal quotes omitted). Our study of the record leads us to conclude that there was no abuse of discretion in the instant case.

It would appear that in the district court Woodard based his motion to sever primarily on *United States v. Bruton*, 391 U.S. 123 (1968). In *Bruton*, the Supreme Court held that the admission into evidence of a co-defendant's statement inculpating a defendant violates that defendant's Sixth Amendment right of confrontation when the Defendant elects not to testify. *Id.* at 137. However, in the instant case, although the

---

[1]McClendon has filed a separate appeal, our No. 95-3215, and his conviction is affirmed contemporaneously with the filing of the present order and judgment.

district court denied the motion to sever, it also ordered that McClendon's and Woodard's

post-arrest statements be redacted so as to eliminate any reference by one concerning the

other. Apparently this order was followed, thus avoiding any *Bruton* problem.[2]  *See*

*United States v. Chatman*, 994 F.2d 1510, 1513 (10th Cir. 1993), *cert. denied.*  114 S. Ct.

230 (1993) *(*no violation of *Bruton* where the district court redacted the co-defendant's

post-arrest statement and eliminated not only the defendant's name but any reference to

his existence).

In this Court, counsel emphasizes *Bruton* less, and instead relies primarily on the

fact that, at trial, Woodard's defense  was at odds with that of McClendon; i.e., each was

"finger pointing" at the other.  In this connection, we note that both Woodard and

McClendon testified at trial, and each was cross-examined not only by government

counsel, but also by counsel representing the other defendant.

In *United States v. Linn*, 31 F.3d 987, 992 (10th Cir. 1994), we rejected a claim of

"mutually antagonistic" defenses as a ground for a severance.  In so doing, we spoke as

follows:

> Here, the mutual antagonism complained of by
> defendants amounts to no more than finger pointing.  The
> Sturlins maintained that they had nothing to do with the fire at
> all and that Mr. Linn and others committed the arson as part
> of a scheme to coerce Guy Sturlin to invest money.  Likewise,

---

[2] Moreover, in this case, both defendants testified, thereby eliminating the potential prejudice to each defendant that was the *Bruton* court's major concern.

> Mr. Linn contended that he had nothing to do with the fire and that the Sturlins and Mr. Kerns committed the arson. Of course, Defendants also posited that each had nothing to do with the fire and that it was either accidental or due to an unknown arsonist. These defenses simply are not so contradictory that the jury must have necessarily disbelieved one to believe another. The jury could have believed all of Defendants' theories and acquitted all of them, but, unfortunately for Defendants, did not.

Likewise, in the instant case, there was some "finger pointing." Woodard testified that the crack cocaine was not his, and McClendon testifed that the crack cocaine did not belong to him. Each, in effect, suggested the cocaine belonged to the other. However, such, under *Linn, supra,* does not require a severance. The district court did not abuse its discretion.

In this appeal, Woodard also challenges his sentence, specifically an enhancement for possession of a firearm. The district court increased Woodard's base offense level by two levels because of the weapon found in his bedroom dresser drawer. We review the district court's factual findings for clear error and its interpretation of the United States Sentencing Guidelines *de novo. Chatman*, 994 F.2d at 1516. The Sentencing Guidelines provide that a base offense level should be increased by two levels "[if] a dangerous weapon (including a firearm) was possessed . . . ." U.S.S.G. §2D1.1(b)(1). The instant case is quite similar to *Chatman*, *supra,* where a handgun was found in a dresser drawer in an apartment where a sale of drugs was being negotiated. In that case we upheld a two-level upward adjustment of the base offense level because of the weapon

in the dresser drawer. We note that in the commentary to the Sentencing Guidelines, the adjustment should be applied "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. §2D1.1, comment. (n.3) (1994). The government's evidence indicated that Woodard was conducting a drug operation from his home, and it is not "clearly improbable" that he wanted a gun, as he said, for "protection." Guns and drugs often go together. Certainly they are not strangers.

Woodard also asserts that his constitutional rights have been violated because, under the Sentencing Guidelines, the penalty for possession of crack cocaine is disproportionately greater than the penalty for possession of powder cocaine. In thus arguing, counsel concedes that most courts, including the Tenth Circuit, have rejected this argument. We agree. Prior Tenth Circuit precedent forecloses this argument. *United States v. Thurmond,*, 7 F.3d 947 (10th Cir. 1993), *cert. denied,* 114 S. Ct. 1311 (1994) (enhanced penalty scheme for one distributing cocaine base, as opposed to cocaine powder, did not violate due process); *accord United States v. Ashley,* 26 F.3d 1008, 1013

(10th Cir. 1994), *cert. denied* 115 S. Ct. 348 (1994).

Judgment affirmed.

Entered for the Court

Robert H. McWilliams,
Senior Circuit Judge