**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 22 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA**,**

Plaintiff-Appellee,

v.

TIMOTHY K. WOODARD

Defendant-Appellant.

No. 98-3136
(D.C. No. 97-3307-WEB
& CR-94-10052-01)
(District of Kansas)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

Timothy Woodard seeks to appeal the district court's order denying his motion to

vacate, set aside, or correct his sentence, filed pursuant to 28 U.S.C. § 2255. For the

reasons set forth below, we conclude that Mr. Woodard has failed to make a substantial

showing of the violation of a constitutional right, and therefore dismiss his appeal.[1]

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court generally
disfavors the citation of orders and judgments; nevertheless, an order and judgment may
be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9. The case is therefore ordered

A jury convicted Mr. Woodard of one count of possession of cocaine with the intent to distribute and one count of possession of marijuana with the intent to distribute, both violations of 18 U.S.C. § 841(a)(1). The district court sentenced Mr. Woodard to concurrent terms of imprisonment of 121 and 60 months, enhancing his sentence on the grounds that he had possessed a firearm during the commission of the drug offenses. We affirmed his conviction on direct appeal. See United States v. Woodard, No. 95-3203, 1996 WL 384569 (10th Cir. July 10, 1996).

Mr. Woodard then filed the instant § 2255 motion, alleging ineffectiveness of trial and appellate counsel. His motion set forth seven grounds for his ineffective assistance claims: (1) that his appellate counsel was ineffective because he failed to argue that the evidence was insufficient to support the convictions; (2) that his appellate counsel was ineffective because he failed to argue the ineffectiveness of trial counsel; (3) that his trial counsel was ineffective because he failed to challenge the voluntariness of a search of Mr. Woodard's home; (4) that his trial counsel was ineffective because he failed to challenge a second search of Mr. Woodard's home, during which law enforcement officers retrieved a firearm that they had observed during the initial search; (5) that trial counsel was ineffective because he failed to request a mistrial on the grounds of evidence tampering; (6) that trial counsel was ineffective because he failed to present evidence to

_____

submitted without oral argument.

2

contest the enhancement of Mr. Woodard's sentence for possession of a firearm; and (7) that his trial counsel was ineffective because he failed to investigate certain matters prior to trial. The district court rejected all of these arguments and denied Mr. Woodard's § 2255 motion.

In this appeal, Mr. Woodard challenges the district court's ruling on the fourth and fifth of these ineffective assistance claims. He also argues that the trial court erred in rejecting his seventh ineffectiveness claim (regarding his trial counsel's failure to impeach his codefendant Percy McClendon). We discern no error in the district court's analysis of any of these three claims.

As to trial counsel's failure to challenge the second search of Mr. Woodard's home, the district court observed that even if such a challenge had been successful and the firearm obtained during the second search had been suppressed as the fruit of an unlawful search, there was still independent evidence regarding the presence of the firearm in Mr. Woodard's home. In particular, "the officers' testimony that they found a firearm in the bedroom during their initial search of the residence would still have been admissible, as would [Mr. Woodward's] admission that the firearm was his." Rec. doc. 220, at 6 (Dist. Ct. Order, filed Apr. 2, 1998). Therefore, the district court said, Mr. Woodard could not establish that there was reasonable probability that the suppression of the firearm would have produced a different result in the proceedings. See id. at 4, 6 (citing Strickland v. Washington, 466 U.S. 668, 694 (1984)).

3

The district court's analysis is sound. Mr. Woodard has failed to demonstrate how the suppression of the firearm obtained during the second search would have probably produced a different result in his trial on the marijuana and cocaine charges or in the district court's enhancement of his sentence. Therefore, as to this allegation, Mr. Woodard has failed to make a substantial showing of the denial of a constitutional right.

With regard to the argument that trial counsel was ineffective for failing to move for a mistrial on the grounds of evidence tampering, Mr. Woodard has failed to identify any grounds for his contention that such tampering occurred. Moreover, as the district court observed, even though Mr. Woodard might be able to point to certain deficiencies in the chain of custody of the challenged evidence, "'the chain of custody need not be perfect for evidence to be admissible.'" United States v. Johnson, 977 F.2d 1360, 1367 (10th Cir. 1992) (quoting United States v. Cardenas, 864 F.2d 1528, 1531 (10th Cir. 1989)). "If the trial court–after 'consider[ing] the nature of the evidence, and the surrounding circumstances, including presentation, custody and probability of tampering or alteration'-- 'determines that the evidence is substantially the same condition as when the crime was committed, the court may admit it.'" Id. Once the court properly decides that evidence may be admitted, any deficiencies in the chain of custody affect the weight of the evidence rather than its admissibility. Id. In light of these standards, Mr. Woodard has failed to make a substantial showing that his trial counsel was ineffective in failing to move for a mistrial on grounds of evidence tampering.

Finally, as to his allegation that his trial counsel was ineffective for failing to impeach codefendant Perry McClendon, we agree with the district court that Mr. Woodard has failed to demonstrate a reasonable probability that such impeachment would have led to an acquittal on the drug charges or to a decision not to enhance his sentence.

Accordingly, we deny Mr. Woodard's application for a certificate of appealability and dismiss this appeal.

Entered For the Court,

Robert H. Henry
Circuit Judge