UNITED STATES of America,
Plaintiff-Appellee,

v.

Michael Stanley NORRIS,
Defendant-Appellant.

No. 85–1772.

United States Court of Appeals,
Tenth Circuit.

May 30, 1986.

Sumner J. Hatch, Salt Lake City, Utah, for defendant-appellant.

Brent D. Ward, U.S. Atty., and Samuel Alba, Asst. U.S. Atty., Salt Lake City, Utah, for plaintiff-appellee.

Before HOLLOWAY, Chief Judge, LOGAN and SEYMOUR, Circuit Judges.

LOGAN, Circuit Judge.

Defendant, Michael Stanley Norris, appeals his criminal conviction as an accessory after the fact to a robbery of a Brinks armored car. *See* 18 U.S.C. §§ 3, 1951.

In July 1984 Richard Scutari and others robbed the Brinks car in California. In December 1984 Norris was seen traveling by car with Scutari in Utah. In January 1985 Norris was traced to and arrested in Alabama.

The Brinks robbery, which was the federal crime underlying Norris' charge as an accessory, was listed as obstructing, delaying, or affecting commerce by threats of violence, as prohibited by 18 U.S.C. § 1951. The government presented extensive evidence at trial to show a close connection between Scutari and Norris. Norris was convicted by a jury and sentenced to a prison term.

On appeal Norris claims that (1) the trial court improperly instructed the jury that the government need not show Norris knew Scutari's name was Scutari, although it must show that the man who had been with Norris in Utah was the Scutari who had committed the robbery; (2) the evidence at trial was legally insufficient to show Norris knew Scutari had committed the holdup; and (3) 18 U.S.C. § 1951 had not been violated. We affirm.

Norris' counsel did not object to the contested jury instruction at trial. This precludes our consideration of it on appeal unless the instruction constituted "plain error." *See* Fed.R.Crim.P. 30, 52(b); *United States v. Kilburn,* 596 F.2d 928, 935 (10th Cir.1978), *cert. denied,* 440 U.S. 966, 99 S.Ct. 1517, 59 L.Ed.2d 782 (1979). There was no denial of a fundamental right here; the instruction was not hopelessly confusing, as alleged. Rather, it was correct under 18 U.S.C. § 3.

■ Norris bases his insufficiency of the evidence claim on the lack of direct evidence that he knew an offense had been committed. But the knowledge required by 18 U.S.C. § 3 may be shown wholly by circumstantial evidence. *United States v. Burnette,* 698 F.2d 1038, 1051 (9th Cir. 1983). The circumstantial evidence presented at trial, viewed in the light most favorable to the government, fully supports the jury's verdict. *See, e.g.,* R. III, 75–82, 87–91, 104–07; R. IV, 199–202, 220–22, 272–83, 307–54.

■ Norris' final argument is that the robbery did not interfere with interstate commerce, as required by 18 U.S.C. § 1951(b)(3). We note initially that § 1951, the "Hobbs Act," was enacted primarily to deal with labor racketeering and extortion. *See United States v. Enmons,* 410 U.S. 396, 401–10, 93 S.Ct. 1007, 1010–15, 35 L.Ed.2d 379 (1973); *United States v. Green,* 350 U.S. 415, 418–21, 76 S.Ct. 522, 524–27, 100 L.Ed. 494 (1956). But the Supreme Court dispelled any doubt over the Act's application to crimes of the sort involved here in *United States v. Culbert,* 435 U.S. 371, 98 S.Ct. 1112, 55 L.Ed.2d 349 (1978). In *Culbert* a unanimous Court held that racketeering was not an essential requirement of the crime; it held that a single attempt to extort money from a banker

fell within the statute's prohibition. *Id.* at 374–80, 98 S.Ct. at 1114–17.

Section 1951 literally prohibits any act that "affects commerce ... by robbery...." With little discussion, courts have allowed § 1951 to be used against ordinary robberies. *See e.g., United States v. Scaife,* 749 F.2d 338, 341, 347–48 (6th Cir.1984) (general store); *United States v. Caldarazzo,* 444 F.2d 1046, 1048–49 (7th Cir.1971) (jewelry salesman), *cert. denied,* 404 U.S. 958, 92 S.Ct. 328, 30 L.Ed.2d 276 (1971). A de minimis effect on commerce has been held to be enough to violate § 1951. *United States v. Conn,* 769 F.2d 420, 424 (7th Cir.1985) (state court clerk accepting bribes). A mere "depletion of assets" of a firm engaged in interstate commerce will meet the requirement. *United States v. Jackson,* 748 F.2d 1535, 1537 (11th Cir.1984) (bank officer's extortion).

We therefore must conclude that this Brinks robbery violated 18 U.S.C. § 1951. Norris assisted a person who had committed "an offense against the United States," in violation of 18 U.S.C. § 3.

AFFIRMED.