**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 21 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

————————————————————

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

PIYARATH S. KAYARATH, a/k/a/
Be, a/k/a Be Nouanley,

    Defendant-Appellant.

No. 98-3084
(D. Kan.)
(D.Ct. No. 94-CR-10123-02)

————————————————————

## ORDER AND JUDGMENT[*]

————————————————————

Before **SEYMOUR, BRORBY**, and **BRISCOE**, Circuit Judges.

————————————————————

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Kayarath entered a guilty plea to two counts of robbery in violation of 18 U.S.C. § 1951, and two counts of carrying or using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). He received a sentence of 330 months, which was later reduced to 240 months. *See United States v. Kayarath*, 131 F.3d 152, 1997 WL 755402 (10th Cir. Dec. 8, 1997). Mr. Kayarath appeals his conviction asserting his guilty pleas were not voluntarily, knowingly and intelligently entered. We exercise jurisdiction and affirm the judgment of the district court.

We review the question of whether a plea is voluntary *de novo*. *See United States v. Rhodes*, 913 F.2d 839, 843 (10th Cir. 1990), *cert. denied*, 498 U.S. 1122 (1991). The record clearly sets out the circumstances surrounding Mr. Kayarath's disputed guilty pleas. Mr. Kayarath entered a plea agreement of guilty to the charges and agreed to testify against his co-defendants in exchange for an agreement by the Government to file a motion to depart his sentence downward. Mr. Kayarath signed and filed a petition to enter a plea of guilty. At the plea hearing, the district court advised Mr. Kayarath of his rights, addressed both the Plea Agreement and the Petition to Change Plea in minute detail and fully advised Mr. Kayarath that if he entered a guilty plea, he could not appeal his conviction. The district court obtained Mr. Kayarath's factual statement concerning his

participation in the crimes charged, accepted Mr. Kayarath's pleas of guilty to each count, and ultimately determined Mr. Kayarath "freely, voluntarily and knowingly" entered his plea of guilty to the charged offenses and accepted his pleas of guilty. Taken together, the undisputed circumstances surrounding Mr. Kayarath's guilty pleas are sufficient to show he knowingly and intelligently made an informed choice when he pled guilty. *See, e.g., Rhodes*, 913 F.2d at 843.

Mr. Kayarath's counsel commendably and correctly filed a brief in this court pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating no factual basis exists to set aside Mr. Kayarath's plea and conviction.

In an abundance of caution we have reviewed: (1) the Petition to Enter Plea of Guilty and Order Entering Plea; (2) the Plea Agreement; and (3) the transcripts of the plea proceeding, where Mr. Kayarath entered his guilty pleas, and the sentencing proceeding. We find no error and can only conclude Mr. Kayarath's pleas were voluntarily and freely entered with full knowledge. The record contains no basis for Mr. Kayarath to assert he did not act voluntarily or without proper understanding.

Counsel for Mr. Kayarath has requested leave to withdraw from further

representation of Mr. Kayarath.  This motion is granted.

The judgment of the district court is **AFFIRMED.**

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge