**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 1 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RUDOLPHO COYAZO, JR.,

Defendant-Appellant.

No. 03-5037

(N. D. Oklahoma)

(D.C. Nos. 01-CV-71-P;
98-CR-43-P)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.**

---

Rudolpho Coyazo, Jr., a federal prisoner, appeals the district court's

decision denying his 28 U.S.C. § 2255 motion to vacate, set aside, or modify his

sentence. For the reasons set forth below, we conclude that the evidence is

---

 * This order and judgment is not binding precedent, except under the
doctrines of res judicata, collateral estoppel, and law of the case. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

 ** After examining the briefs and appellate record, this panel has
determined unanimously to grant the parties' request for a decision on the briefs
without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1 (G). The
case is therefore submitted without oral argument.

insufficient to support one of the offenses of which Mr. Coyazo was convicted: the March 11, 1998, armed robbery of the Holiday Inn Express in violation of the Hobbs Act, 18 U.S.C. § 1951, as alleged in Count 13 of the indictment. However, the evidence is overwhelming that Mr. Coyazo committed a lesser included offense, attempted robbery (also a violation of 18 U.S.C. § 1951). Accordingly, we vacate Mr. Coyazo's armed robbery conviction and remand the case to the district court with instructions to enter a conviction for attempted robbery in violation of § 1951 and for further proceedings consistent with this order and judgment.

## I. BACKGROUND

A jury convicted Mr. Coyazo of ten counts of armed robbery, in violation of 18 U.S.C. § 1951; four counts of using or carrying a gun during a crime of violence, in violation of 18 U.S.C. § 924(c); and one count of escape, in violation of 18 U.S.C. § 751. The convictions involve a series of robberies of hotels, motels, and a drug store in Tulsa, Oklahoma, between January and March 1998; Mr. Coyazo's use and carrying of a gun during these robberies; and Mr. Coyazo's March 30, 1998, escape from jail. The district court sentenced him to a total of 948 months' imprisonment, and this court affirmed Mr. Coyazo's convictions on

direct appeal. See United States v. Coyazo, Nos. 98-5117, 5214, 1999 WL 999707 (10th Cir. Nov. 4, 1999).

Mr. Coyazo then filed the instant 28 U.S.C. § 2255 motion to vacate, modify, or set aside his sentence. He alleged that (1) the grand jury issued an improper indictment; (2) the indictment was insufficient to place him on actual notice of the offense charged in Count 13, and the jury instructions constructively amended the indictment; (3) the district court erred in denying his motion for a judgment of acquittal; (4) he received ineffective assistance of trial counsel because his trial counsel failed to file a motion to suppress his confession and failed to move for a judgment of acquittal on Count 13; and (5) he received ineffective assistance of appellate counsel because counsel failed to challenge ths sufficiency of the evidence as to Count 13.

The district court denied Mr. Coyazo's § 2255 motion. See Rec. doc. 93 (Dist. Ct. Order, filed Jan. 29, 2003). Mr. Coyazo then sought a certificate of appealability (COA), see 28 U.S.C. § 2253, on only the following issues: (1) whether the district court erred in rejecting his claim that Count 13 failed to provide him with adequate notice of the charged offense; (2) whether the evidence of attempted robbery was sufficient to establish an effect on interstate commerce sufficient to establish the district court's subject matter jurisdiction as to Count 13; (3) whether the district court erred in finding the evidence sufficient

to support the 18 U.S.C. § 1951 robbery conviction alleged in Count 13 of the indictment; and (4) whether he received ineffective assistance of counsel because his lawyers failed to challenge his conviction on Count 13 on these grounds.

Mr. Coyazo's arguments concern Count 13 of the indictment, which alleges:

> On or about the 11th day of March, 1998, in the Northern District of Oklahoma, the defendant Rodolpho Coyazo, Jr., did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that the defendant Rodolpho Coyazo, Jr., did unlawfully take and obtain money from the presence of an employee at Holiday Inn Express . . . , a company that conducted and conducts business in interstate commerce, against the employee's will by means of actual and threatened force, violence and fear of injury, immediate and future, to the employee's person, that is, by the use of a firearm, in violation of Title 18, United States Code, Section 1951.

Rec. doc. 5, at 13 (emphasis added).

At trial, the jury received the following instruction on all of the robbery counts (including Count 13):

> In order for the defendant to be found guilty of the offense charged in each of the above-stated counts, the government must prove each of the following elements beyond a reasonable doubt:
>
> (1) The defendant obtained property from the person alleged in the particular count under consideration;

-4-

(2) The defendant did so knowingly and deliberately by robbery; and

(3) The robbery obstructed or affected interstate commerce.

Rec. doc. 34, instr. 11 (emphasis added).

As the district court explained, the evidence at trial supported the conclusion that Mr. Coyazo attempted to rob the Holiday Inn Express on March 11, 1998, but not that he had succeeded in taking any money or property:

> [T]he direct and circumstantial evidence supports the jury's verdict that Petitioner attempted to rob the motel when he entered with a gun but fled after shooting the night clerk. . . . Even though there is no evidence that the robber demanded money or left the motel with any money, the jury heard evidence from [the night clerk] regarding the weapon used and that [the clerk] had identified Petitioner as the robber. Additionally, the jury heard evidence that Petitioner had robbed two motels and a drug store two hours before the armed robbery at the Holiday Inn Express where [the night clerk] was shot. The jury heard witnesses at these other robberies describe the weapon and the photograph of the robber which they identified. It was the same photograph which [the clerk] identified. Further, the jury heard testimony that Petitioner had confessed to several robberies of hotels, including a robbery of a Super 8 Motel on March 11, 1998, just a couple of hours prior to [the night clerk at the Holiday Inn Express] being shot.

Rec. doc. 93, at 22-23 (internal citations omitted).

This court granted a certificate of appealability (COA) on Mr. Coyazo's third and fourth claims (sufficiency of the evidence and ineffective assistance of counsel).

## II. DISCUSSION

We begin with a brief discussion of the issues on which we have not granted a COA: (1) Mr. Coyazo's claim that Count 13 failed provide him with adequate notice; and (2) his claim that the district court lacked subject matter jurisdiction because of a lack of evidence that the alleged robbery affected interstate commerce. Then, we turn to the claims regarding (3) sufficiency of the evidence and (4) ineffective assistance of counsel.

In order to obtain a COA, Mr. Coyazo must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Coyazo may make this showing by demonstrating that "'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." Id.

### A. Notice Provided by the Indictment

Mr. Coyazo contends that because he was charged with robbery rather than attempted robbery, and because the jury was instructed on the elements of robbery rather than attempted robbery, the indictment provided him with insufficient

notice of the actual charges against him. This argument is not supported by the applicable law.

In particular, the statute at issue in Count 13, 18 U.S.C. § 1951, prohibits both robbery and attempted robbery. United States v. Zeigler, 19 F.3d 486, 490 (10th Cir. 1994) (stating that "the Hobbs Act also prohibits 'attempted' robbery" and that "[m]any courts, including this one, have sustained jurisdiction under the Hobbs Act in cases of attempted robbery . . . presenting only potential effects on interstate commerce"). Thus, even though the indictment described the offense as robbery rather than attempted robbery, it provided Mr. Coyazo with sufficient notice of the date, time, and place of the charged conduct and cited the statute defining the offense. There is thus no indication that the wording of Count 13 prejudiced Mr. Coyazo's defense at trial. See United States v. Lotspeich, 796 F.2d 1268, 1273 (10th Cir. 1986) (stating that "an indictment is sufficient if it provides the defendant with adequate notice of the charges and an opportunity to prepare his defense").

Moreover, the fact that the evidence at trial established only an attempted robbery of the Holiday Inn Express on March 11, 1998, does not establish that the indictment was constructively amended in violation of the Fifth Amendment. A constructive amendment "occurs when the terms of the indictment are in effect altered by the presentation of evidence and jury instructions which so modify

essential elements of the offense charged that there is a substantial likelihood that the defendant may have been convicted of an offense other than that charged in the indictment." United States v. Hornung, 848 F.2d 1040, 1046 (10th Cir. 1988) (internal quotation marks omitted). However, "a defendant may be convicted of a lesser offense necessarily included in the offense with which he is charged." 3 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE CRIM. § 516, at 45 (3d ed. 2004); FED. R. CRIM. P. 31(c) (stating that "[a] defendant may be found guilty of . . . an attempt to commit the offense charged . . . or . . . an attempt to commit an offense necessarily included in the offense charged, if the attempt is an offense in its own right").

Here, attempted robbery under the Hobbs Act is a lesser included offense of robbery under the Hobbs Act. See United States v. Remigio, 767 F.2d 730, 733 (10th Cir. 1985) (stating that "[t]he crime of attempt is a lesser included offense of the substantive crime"). Accordingly, the fact that the government presented evidence of attempted robbery rather than robbery does not establish that it constructively amended the indictment. See United States v. Chilingirian, 280 F.3d 704, 711-12 (6th Cir. 2002) (concluding that an indictment was not constructively amended when the government presented evidence sufficient to support a conviction for a lesser included offense).

## B. Evidence of Effect on Interstate Commerce

Mr. Coyazo also argues that because the evidence established only that he attempted to rob the Holiday Inn Express on March 11, 1998, the government failed to establish that the offense affected interstate commerce, as required under § 1951.  However, in this circuit, "only a potential effect on commerce is required to satisfy the interstate commerce element [required for a § 1951 conviction]." United States v. Wiseman, 172 F.3d 1196, 1216 (10th Cir. 1999).  Thus, the government may establish an effect on interstate commerce by showing that the offense "*could* have decreased the business' sales in interstate commerce." United States v. Toles, 297 F.3d 959, 969 (10th Cir. 2002); see also United States v. Norris, 792 F.2d 956, 957-58 (10th Cir. 1986) (noting that "a single attempt . . . fell with [§ 1951's] prohibition").  Therefore, the fact that the government did not prove that Mr. Coyazo took any money from the Holiday Inn Express does not demonstrate that it failed to prove the interstate commerce element under § 1951.

## C. Sufficiency of the Evidence

Next, Mr. Coyazo challenges the sufficiency of the evidence supporting his conviction of the Hobbs Act robbery charged in Count 13 of the indictment. In support of this argument, he points to the district court's conclusion that "there is no evidence that the robber demanded money or left the motel with any

money." Rec. doc. 93, at 22. As noted above, we have granted a COA on this issue.

In his direct appeal, Mr. Coyazo did not challenge the sufficiency of the evidence supporting the Hobbs Act robbery alleged in Count 13. Ordinarily, when "a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice or that he is actually innocent." Bousley v. United States, 523 U.S. 614, 622 (1998) (internal citations omitted).

Here, the government's brief provides support for the conclusion that Mr. Coyazo is actually innocent of the Hobbs Act robbery charged in Count 13. In particular, the government concedes that "the evidence was insufficient to convict [Mr.] Coyazo of robbery as charged in Count 13." Aple's Br. at 15 (emphasis added). However, the government further contends, "the evidence was sufficient to convict [Mr. Coyazo] of attempted robbery as charged in Count 13." Id. Accordingly, in order to analyze the issue of actual innocence, we must consider whether the evidence of attempted robbery—which Mr. Coyazo himself does not here dispute—is sufficient to support the conviction.

For several reasons, we conclude that the evidence of attempted robbery is not sufficient to support the Count 13 conviction. First, contrary to the view of the district court and the government, Count 13 of the indictment does not allege attempted robbery. Although Count 13 paraphrases the language of § 1951 by

-10-

alleging that Mr. Coyazo "did unlawfully obstruct, delay, and affect, and <u>attempt</u> to obstruct, delay and affect commerce," Count 13 proceeds to explain that Mr. Coyazo did so "<u>by robbery</u>" and then further specifies that Mr. Coyazo "<u>did unlawfully take and obtain money</u> from the presence of an employee of Holiday Inn Express." Rec. doc. 5, at 13 (emphasis added). This language alleges robbery; it cannot reasonably be construed as alleging attempted robbery. Moreover, the jury was instructed that in order to find Mr. Coyazo guilty of all the Hobbs Act counts, including Count 13, it had to find beyond a reasonable doubt that Mr. Coyazo "<u>obtained property from the person alleged in the particular count under consideration</u>," that he did so "so knowingly and deliberately by <u>robbery</u>," and that "[t]<u>he robbery</u> obstructed or affected interstate commerce." Rec. doc. 34, instr. 11 (emphasis added). Finally, the judgment entered by the district court groups Count 13 with the convictions of Counts 7, 9, and 11 and describes the "nature of [each of these] offense[s]" as "<u>Armed Robbery Affecting Interstate Commerce.</u>" Rec. doc. 39 (Judgment in a Criminal Case, entered Oct. 23, 1998) (emphasis added).

Thus, Mr. Coyazo was charged with and convicted of robbery, not attempted robbery. The evidence of attempted robbery is insufficient to support the conviction for robbery, and Mr. Coyazo is actually innocent of the latter offense.

-11-

Nevertheless, we do not agree with Mr. Coyazo that the absence of evidence supporting the Count 13 conviction requires us to "[r]everse and remand with instructions for the [d]istrict [c]ourt to dismiss." Aplt's Br. at 3. As noted above, § 1951 prohibits both robbery and attempted robbery, Zeigler, 19 F.3d at 490, and attempted robbery is a lesser included offense of robbery. See Remigio, 767 F.2d at 733. This court has "exercised [its] power under 28 U.S.C. § 2106 to reduce a conviction of a greater offense, based on insufficient evidence, to that of a lesser included offense." United States v. Smith, 13 F.3d 380, 383 (10th Cir. 1993) (citing United States v. Indus. Labs. Inc., 456 F.2d 908, 911 (10th Cir. 1972)); see 28 U.S.C. § 2106 ("The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances."). In order to do so, "[i]t must be clear (1) that the evidence adduced at trial fails to support one or more elements of the crime of which appellant was convicted, (2) that such evidence sufficiently sustains all the elements of another offense, (3) that the latter is a lesser included offense of the former, and (4) that no undue prejudice will result to the accused." Smith, 13 F.3d at 383 (quoting Allison v. United States, 409 F.2d 445, 451 (D.C. Cir. 1969)).

As we have noted, the first three factors are established here. Moreover, in light of the opportunity afforded Mr. Coyazo to defend against the charge set forth in Count 13 at trial, there is no indication that undue prejudice would result from the entry of a judgment on the lesser included offense of attempted robbery. Accordingly, we conclude that Mr. Coyazo's conviction of armed robbery in violation of 18 U.S.C. § 1951, as charged in Count 13 of the indictment, should be vacated and that the case should be remanded to the district court with directions to amend the judgment by entering a conviction on Count 13 for attempted robbery under § 1951 and for further proceedings consistent with this order and judgment. See Smith, 13 F.3d at 383.

## D. Ineffective Assistance of Counsel

Finally, Mr. Coyazo argues that he received ineffective assistance of counsel because his lawyers did not challenge the sufficiency of the evidence as to Count 13. We are not persuaded by his argument.

Under Strickland v. Washington, 466 U.S. 668, 693-94 (1984), in order to prevail on his ineffective assistance of counsel claim, Mr. Coyazo must demonstrate that (1) his counsel committed serious errors in light of prevailing professional norms, and (2) there is a reasonable probability that the outcome would have been different had those errors not occurred. Here, Mr. Coyazo has failed to establish prejudice. Although the evidence was insufficient to support a

-13-

conviction for armed robbery, Mr. Coyazo does not dispute that the evidence <u>was</u> sufficient to establish attempted armed robbery, itself a violation of § 1951. <u>See</u> <u>Zeigler</u>, 19 F.3d at 490. Moreover, Mr. Coyazo has not argued that a conviction for attempted armed robbery under § 1951 rather than armed robbery under § 1951 would have had any affect on his sentence. Accordingly, Mr. Coyazo is not entitled to relief on his ineffective assistance of counsel claim.

## III. CONCLUSION

Accordingly, we VACATE Mr. Coyazo's conviction for the armed robbery in violation of 18 U.S.C. § 1951, as charged in Count 13 of the indictment, and we REMAND the case to the district court with instructions to enter an amended judgment of conviction for attempted armed robbery in violation of § 1951 and for further proceedings consistent with this order and judgment.

Entered for the Court,

Robert H. Henry
Circuit Judge