**UNITED STATES COURT OF APPEALS**

February 16, 2010

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DANIEL BAZEZA MAZUN,

    Defendant-Appellant.

No. 09-1340
(D.C. Nos. 99-CV-00882-REB and
96-CR-00208-REB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **SEYMOUR** and **EBEL**, Circuit Judges.

Defendant-Appellant Daniel Bazeza Mazun has filed a notice of appeal from the

district court's order denying his motion under Federal Rule of Civil Procedure 60(b)(4),

which seeks to reopen the district court's denial of his 28 U.S.C. § 2255 motion on the

ground that his underlying conviction is void. He also seeks a certificate of appealability

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

from this court. We conclude that Mr. Mazun's Rule 60(b) motion must be treated as a second § 2255 motion, and therefore vacate the district court's order for lack of subject-matter jurisdiction, treat the notice of appeal and request for a certificate of appealability as an implied application for authorization to file another § 2255 motion, and deny authorization.

## I.      Background

In 1997, Mr. Mazun was convicted of conspiracy to distribute methamphetamine and sentenced to 324 months in prison. We affirmed his conviction and sentence on direct appeal. United States v. Mazun, 153 F.3d 729 (10th Cir. 1998) (unpublished table disposition). In 1999, Mr. Mazun filed a motion pursuant to 28 U.S.C. § 2255, which the district court denied. Mr. Mazun sought permission from this court to file a successive § 2255 motion in district court in 2005, but we denied this request. Mazun v. United States, No. 05-1166 (10th Cir. July 5, 2005); see also 28 U.S.C. § 2255(h) (requiring approval of court of appeals before filing a second or successive § 2255 motion).

On April 3, 2009, Mr. Mazun filed a "Motion under Federal Rules of Civil Procedure 60(b)(4)" in the district court, seeking relief from the district court's denial of his original § 2255 motion. In that motion, Mr. Mazun argued that the district court's failure to "submit to the jury an essential element of the crime—the type of drugs and the drug quantity—is a jurisdictional defect which renders [the district court's] judgment void" under Rule 60(b). (R. at 10.) The district court denied this motion "principally on

2

the ground that Fed. R. Civ. P. 60(b)(4) is not available to federal prisoners to challenge the validity of the criminal judgments against them." (R. at 59.)

## II.     Discussion

Federal prisoners may only bring a Rule 60(b) motion in a § 2255 proceeding if the motion challenges either

> a procedural ruling of the habeas court which precluded a merits determination of the habeas application . . . or . . . a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.

Spitznas v. Boone, 464 F.3d 1213, 1215-16 (10th Cir. 2006); see also In re Lindsey, 582 F.3d 1173, 1175 (10th Cir. 2009) (per curiam) (applying Spitznas to § 2255 proceedings.) If the Rule 60(b) motion does not meet either of these criteria, then it should be treated as a second or successive § 2255 motion, which requires approval from this court before it can be brought in district court. Spitznas, 464 F.3d at 1216-17; see also 28 U.S.C. § 2255(h). If the district court determines that the Rule 60(b) motion actually is an attack on the merits of the prior § 2255 ruling, then it should either refer the matter to this court for authorization under § 2255(h), or dismiss the motion for lack of jurisdiction. Spitznas, 464 F.3d at 1227.

Mr. Mazun maintains that his Rule 60(b) motion raises only a procedural challenge, rather than a substantive challenge, to the district court's ruling on his § 2255 motion. Specifically, Mr. Mazun contends that the district court lacked jurisdiction to rule on his § 2255 motion because the judgment entered against him in the criminal case

3

was void due to improper jury instructions. According to Mr. Mazun, this is a procedural challenge because the district court dismissed the claim of improper jury instructions in his original § 2255 motion on the ground that the claim was time-barred. But Mr. Mazun does not contest the determination that his claim was in fact time-barred. Instead, he contends that his underlying conviction is void, and that the district court therefore did not have jurisdiction to deny his § 2255 motion.

Accordingly, this challenge, "in substance or effect[,] asserts . . . a federal basis for relief from the petitioner's underlying conviction," id. at 1215, because finding in favor of Mr. Mazun would require the court to conclude that the allegedly improper jury instructions offered during his trial render the judgment against him void. A challenge to one's conviction is the proper subject of a § 2255 motion, not a Rule 60(b) motion. See In re Cline, 531 F.3d 1249, 1253 (10th Cir. 2008) (stating that "a claim nominally filed under Rule 60(b) in a habeas proceeding is, in substance, a successive habeas claim if it asserts or reasserts a substantive challenge to the validity of the conviction"). We therefore agree with the district court that Mr. Mazun's Rule 60(b) motion "challenge[s] the validity of the criminal judgment[] against" him (R. at 59), and is not a "true" Rule 60(b) motion, but rather a second § 2255 motion.

On this basis, the district court should have either referred the matter to this court to consider whether to certify a second or successive § 2255 motion, or dismissed the matter for lack of subject-matter jurisdiction. Spitznas, 464 F.3d at 1227. Instead, the district court denied the motion. Because Mr. Mazun's Rule 60(b) motion was in

4

substance a second § 2255 motion, however, the district court lacked subject-matter jurisdiction to do so. Accordingly, we must vacate the district court's order denying Mr. Mazun's Rule 60(b) motion.

We may, however, treat Mr. Mazun's notice of appeal and request for a certificate of appealability as an application to this court for leave to file a second § 2255 motion. In United States v. Nelson, we treated a prisoner's notice of appeal and appellate brief as an application for leave to file a second § 2255 motion when the district court improperly denied—rather than dismissed for lack of jurisdiction—the prisoner's motion to amend his § 2255 motion pursuant to Federal Rule of Civil Procedure 15. 465 F.3d 1145, 1149 (10th Cir 2006). We will construe Mr. Mazun's appellate filings here in the same manner.

> Section 2255(h) provides:
>
> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Here, Mr. Mazun has not identified any newly discovered evidence or new rules of constitutional law with retroactive applicability that would afford him relief under § 2255. We therefore deny leave to file a second motion.

5

**III.    Conclusion**

We VACATE the judgment of the district court; DENY Mr. Mazun's implied application for leave to file a second § 2255 motion; and DISMISS his claims and action. We DENY Mr. Mazun's motion for leave to proceed in forma pauperis.


ENTERED FOR THE COURT


David M. Ebel
Circuit Judge