**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 30, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PIYARATH S. KAYARATH,

    Defendant - Appellant.

No. 20-3086
(D.C. Nos. 6:20-CV-01041-JWB &
6:94-CR-10128-JWB-2 &
6:94-CR-10123-JWB-2)
(D. Kansas)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **McHUGH**, Circuit Judges.
_____

Appellant Piyarath Kayarath seeks a certificate of appealability ("COA") to

challenge the district court's denial of his 28 U.S.C. § 2255 motion, which argued Hobbs

Act robbery and attempted Hobbs Act robbery are not categorically crimes of violence

under 18 U.S.C. § 924(c), and the district court's denial of his Fed. R. Civ. P. 60(b)

motion, which argued his 18 U.S.C. § 924(j)(1) conviction is void due to our decision in

*United States v. Melgar-Cabrera*, 892 F.3d 1053 (10th Cir. 2018).

_____

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I.    BACKGROUND

In 1997, Mr. Kayarath was convicted following a jury trial of one count of Hobbs

Act robbery in violation of 18 U.S.C. § 1951 and one count of carrying and using a

firearm during and in relation to a crime of violence, as defined by 18 U.S.C. § 924(c),

and during the course thereof causing the death of a person by murder through the use of

a firearm in violation of 18 U.S.C. § 924(j)(1). *See United States v. Kayarath*, 41 F.

App'x 255, 256 (10th Cir. 2002).[1] He was sentenced to life imprisonment for the

§ 924(j)(1) murder conviction. *Id.* In 2001, Mr. Kayarath filed a 28 U.S.C. § 2255 motion

challenging his murder conviction. *Id.* at 256–57. The district court denied the motion,

and a panel of this court denied his subsequent request for a COA. *Id.*

In 2016, Mr. Kayarath moved for authorization from this court to file a second or

successive § 2255 motion in order to again challenge his § 924(j)(1) murder conviction.

He argued the predicate offense underlying his murder conviction, namely the Hobbs Act

robbery, does not qualify as a crime of violence as defined by § 924(c) after the Supreme

Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). Specifically, he

claimed Hobbs Act robbery could qualify as a crime of violence only under § 924(c)(3)'s

residual clause, which the Supreme Court, in *Davis*, invalidated as unconstitutionally

vague. 139 S. Ct. at 2336. In January 2020, a panel of this court granted Mr. Kayarath's

---

[1] At the time Mr. Kayarath was convicted, the provision of § 924 now codified at subsection (j)(1) was codified at subsection (*i*)(1). *See Kayarath*, 41 F. App'x at 257. We refer to subsection (j)(1) for purposes of this order because that is the current location of the provision at issue.

authorization to file a second or successive § 2255 motion to challenge his § 924(j)(1) murder conviction in light of *Davis*.[2] *See* 28 U.S.C. § 2255(h)(2).

While his motion to file a second or successive § 2255 motion remained pending in this court, Mr. Kayarath filed in the district court a Fed. R. Civ. P. 60(b) motion for relief from judgment in his criminal case. He argued his § 924(j)(1) murder conviction is void following our decision in *United States v. Melgar-Cabrera*, 892 F.3d 1053 (10th Cir. 2018), which overruled previous authority and held that § 924(j) sets forth a "discrete crime" rather than "merely a sentencing enhancement" that applies when a § 924(c) violation results in murder. 892 F.3d at 1060. Based on *Melgar-Cabrera*, Mr. Kayarath asserted numerous errors arising from his being charged with violating both § 924(j) and § 924(c) in the same count of the indictment and the jury's returning of a general verdict of guilty on that count.[3]

After receiving authorization, Mr. Kayarath filed his second or successive § 2255 motion in February 2020. He argued that Hobbs Act robbery does not meet § 924(c)'s definition of a crime of violence under the elements clause. Because, in his view, Hobbs Act robbery is not a crime of violence under § 924(c)'s elements clause and because *Davis* precluded it from being a crime of violence under the residual clause, Mr. Kayarath

---

[2] Mr. Kayarath's motion was abated between June 2016 and January 2020. *See* R. vol. II at 17; *see also* Order, *In re Kayarath*, No. 16-3172 (10th Cir. June 24, 2016).

[3] In a supplement to his Rule 60(b) motion, Mr. Kayarath, citing *Miller v. Alabama*, 567 U.S. 460 (2012), and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), also argued his life sentence violated the Eighth Amendment because he was eighteen years old and thus did not have a fully developed brain at the time he committed the offense. Mr. Kayarath's application does not seek a COA to pursue this argument.

contended he was actually innocent of the § 924(j)(1) murder charge. Mr. Kayarath also argued the record showed he was charged with, and convicted of, *attempted* Hobbs Act robbery, which, following *Davis*, is not categorically a crime of violence under § 924(c).

The district court denied Mr. Kayarath's § 2255 motion, concluding our precedent foreclosed his argument that Hobbs Act robbery is not categorically a crime of violence for purposes of § 924(c) and (j)(1). The court ruled Mr. Kayarath's arguments concerning attempted Hobbs Act robbery were meritless because the record showed Mr. Kayarath was charged with, and convicted of, robbery, not attempted robbery. The court also dismissed Mr. Kayarath's Rule 60(b) motion for lack of jurisdiction on the ground it amounted to a second or successive collateral attack on his § 924(j)(1) conviction that has not been authorized by this court. Finally, the court denied a COA.

## II.    DISCUSSION

Mr. Kayarath filed a notice of appeal and an application seeking a COA to challenge the district court's order denying his § 2255 motion and dismissing his Rule 60(b) motion. A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies § 2255 relief on the merits, this standard typically requires an applicant to demonstrate that "'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *United States v. Springer*, 875 F.3d 968, 981 (10th Cir. 2017) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When the district court denies relief on procedural grounds, such as by dismissing an unauthorized second or successive § 2255 motion, the applicant must demonstrate "'that jurists of reason would

4

find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Id.* (internal quotation marks omitted) (quoting, ultimately, *Slack*, 529 U.S. at 484).

## A. Section 2255 Motion

In his application for a COA, Mr. Kayarath argues, as he did in the district court, that Hobbs Act robbery is not categorically a crime of violence for purposes of § 924(c) and thus cannot constitute a predicate offense for his § 924(j)(1) murder conviction. Because, in his view, Hobbs Act robbery could only constitute a crime of violence under the residual clause invalidated by the Supreme Court in *Davis*, *Davis* compels the conclusion that his § 924(j)(1) conviction is unconstitutional.

We are not persuaded. As the district court noted, we held in *Melgar-Cabrera* that Hobbs Act robbery categorically "*is* a crime of violence under the elements clause of § 924(c)(3)." 892 F.3d at 1060 n.4 (emphasis added); *see also United States v. García-Ortiz*, 904 F.3d 102, 109 (10th Cir. 2018) ("[W]e therefore hold that because the offense of Hobbs Act robbery has as an element the use or threatened use of physical force capable of causing injury to a person or property, a conviction for Hobbs Act robbery categorically constitutes a 'crime of violence' under section 924(c)'s [elements] clause."). In *Melgar-Cabrera*, we rejected several arguments Mr. Kayarath now raises in his application. For instance, Mr. Kayarath asserts that robbery, as defined in the Hobbs Act, requires the use or threatened use of only de minimis force. However, we concluded it requires the use or threatened use of violent force, satisfying § 924(c)'s use-of-force

5

requirement. *See Melgar-Cabrera*, 892 F.3d at 1061–65 (citing, *inter alia*, *Johnson v. United States*, 559 U.S. 133 (2010)). Mr. Kayarath also contends Hobbs Act robbery, because it may be accomplished by placing another in fear of injury, does not require the use of physical force. We rejected a similar argument in *Melgar-Cabrera*, concluding that taking property from a person by placing him in fear of injury is accomplished by threatening the application of physical force. *See id.* at 1065–66; *see also García-Ortiz*, 904 F.3d at 107 ("[T]he 'fear of injury' contemplated by the statute must be like the 'force' or 'violence' described in the clauses preceding it."). Subsequent decisions have likewise rejected Mr. Kayarath's assertion that Hobbs Act robbery does not satisfy § 924(c)'s use-of-force requirement because it may be accomplished by threatening injury to property. *See García-Ortiz*, 904 at 107; *United States v. Rojas*, 748 F. App'x 777, 779 (10th Cir. 2018); *United States v. Dubarry*, 741 F. App'x 568, 570 (10th Cir. 2018).

In sum, *Melgar-Cabrera* held Hobbs Act robbery satisfies § 924(c)'s elements clause and is thus categorically a crime of violence for purposes of that provision. Mr. Kayarath's arguments challenging this holding have been consistently rejected, and the Supreme Court's decision in *Davis*, on which Mr. Kayarath relied for authorization to commence this proceeding, does not call it into question. *See United States v. Myers*, 786 F. App'x 161, 162–63 (10th Cir. 2019). Given this precedent, no jurist of reason would find the district court's determination debatable or wrong.

As he did in the district court, Mr. Kayarath also argues that the Hobbs Act robbery count of the indictment charged him with attempted Hobbs Act robbery and that the trial court's jury instructions demonstrate the jury found him guilty of attempted

6

Hobbs Act robbery. He contends attempted Hobbs Act robbery does not qualify as a crime of violence under § 924(c) after *Davis*. The district court ruled this argument was meritless because the record showed Mr. Kayarath was indicted for, and found guilty of, robbery, not attempted robbery.

No jurist of reason would find the district court's ruling debatable or wrong. As recited by the trial court in its jury instructions, the indictment's Hobbs Act count alleged Mr. Kayarath "did unlawfully . . . obstruct, delay[,] and affect commerce and did *attempt* to obstruct, delay[,] and affect commerce," but it proceeds to allege he did so "*by robbery*," not attempted robbery, and further specifies he "*did take and obtain*" property from another, rather than merely attempting to do so. R. vol. IV at 34 (emphasis added). "This language alleges robbery; it cannot reasonably be construed as alleging attempted robbery." *United States v. Coyazo*, 95 F. App'x 261, 266 (10th Cir. 2004). Moreover, the trial court instructed the jury that the indictment charged Mr. Kayarath "with *robbery*," explaining that the Hobbs Act criminalizes "obstruct[ing], delay[ing,] or affect[ing] interstate commerce . . . *by robbery*." R. vol. IV at 36 (emphasis added). The court further instructed the jury that, to find Mr. Kayarath guilty of the Hobbs Act count, it must find he "obtained or took" another's property "against the victim's will, by means of actual or threatened force, violence, or fear of injury," which, the court informed the jury, is the definition of "'[*r*]*obbery*.'" *Id.* at 37–38 (emphasis added). And, the judgment entered by the court describes the offense of conviction as "Interference With Commerce By Threats or Violence," making no mention of an attempt component. *Id.* at 67. The jury

7

instructions and the judgment thus confirm Mr. Kayarath was convicted of Hobbs Act robbery, not attempted Hobbs Act robbery. *See Coyazo*, 95 F. App'x at 266–67.

Mr. Kayarath points out both the indictment and jury instructions regarding the § 924(j)(1) murder count defined murder in accordance with 18 U.S.C. § 1111, stating that murder committed in the perpetration of a robbery or *attempted* robbery is first-degree murder. *See* 18 U.S.C. § 924(j) (cross-referencing § 1111's definition of murder). These attenuated references to attempted robbery do not alter the analysis. Although the murder count of the indictment stated a murder committed during an attempted robbery would qualify for § 924(j)(1) liability, it specifically alleged Mr. Kayarath's liability was based on "the *robbery*" underlying the Hobbs Act count. R. vol. IV at 35 (emphasis added). Further, the trial court instructed the jury that, to find Mr. Kayarath guilty of the murder charge, it must find that he "*robbed*," not attempted to rob, another and "[d]uring the *robbery*," not attempted robbery, caused the death of another by murder. *Id.* at 44 (emphasis added). More importantly, the mere fact attempted robbery is mentioned in relation to the definition of murder for purposes of the § 924(j)(1) count does not change the fact that both the indictment and the instructions relating to the Hobbs Act count refer specifically to robbery, not attempted robbery.

Because we conclude no jurist of reason would find the district court's ruling that Mr. Kayarath was charged with, and convicted of, Hobbs Act robbery rather than attempted Hobbs Act robbery debatable or wrong, we need not address the district court's alternative ruling that attempted Hobbs Act robbery does not constitute a crime of violence under § 924(c).

8

## B.     *Rule 60(b) Motion*

In evaluating the denial of a Rule 60(b) motion in a habeas case, "[o]ur first task . . . is to consider . . . the issues raised in the motion in order to determine whether it represents a second or successive [habeas motion or] a 'true' Rule 60(b) motion." *Spitznas v. Boone*, 464 F.3d 1213, 1224 (10th Cir. 2006). A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from this court authorizing the district court to consider the motion. *See Springer*, 875 F.3d at 972. Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion and must either dismiss the motion or transfer it to this court if doing so is in the interests of justice. *Id.*

The district court determined Mr. Kayarath's motion amounted to an unauthorized second or successive § 2255 motion. Mr. Kayarath does not contest this determination in his application but, instead, continues to press the merits of the motion, arguing his § 924(j)(1) conviction is void in light of *Melgar-Cabrera*'s holding that § 924(j) sets forth a discrete crime rather than a sentencing enhancement.

No jurist of reason would find the district court's procedural ruling debatable or wrong. Mr. Kayarath's Rule 60(b) motion amounts to a second or successive § 2255 motion. Not only does he fail to contest the point in his application, but there is no question the motion "in substance or effect asserts . . . a federal basis for relief from [his] underlying conviction," rendering it a second or successive § 2255 motion. *Spitznas*, 464 F.3d at 1215; *see also United States v. Mazun*, 369 F. App'x 876, 878 (10th Cir. 2010) (explaining a motion requiring a court to conclude a criminal judgment is void "is the

9

proper subject of § 2255 motion, not a Rule 60(b) motion"). Nor is there any doubt Mr. Kayarath has not been authorized to bring this argument in a second or successive § 2255 motion. His argument does not implicate *Davis*, so our order authorizing a § 2255 motion in light of that decision does not aid him. And, a panel of this court previously denied Mr. Kayarath authorization to assert this same argument in a second or successive § 2255 motion. *See* Order, *In re Kayarath*, No. 18-3225 (10th Cir. Oct. 29, 2018).

### III.    CONCLUSION

Accordingly, we **DENY** Mr. Kayarath's application for a COA and **DISMISS** the appeal.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

10