**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 5, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EARL ALBERT MOORE,

Defendant - Appellant.

No. 12-1165

(D. Colorado)

(D.C. No. 1:11-CR-00197-JLK-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **MURPHY**, Circuit Judges.

Defendant Earl Albert Moore pleaded guilty to one count of carrying and possessing a destructive device during a crime of violence. *See* 18 U.S.C. § 924(c). The district court sentenced Defendant, who was 66 years old at the time of sentencing, to life imprisonment. Defendant appeals his sentence, arguing that it is substantively unreasonable. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

A week after he was released from federal prison on a sentence for bank robbery, Defendant placed a homemade explosive device in the hallway of a Colorado mall. The device caught on fire, but it was disarmed before it exploded. Defendant was arrested and confessed to the crime.

The sentencing court reduced Defendant's offense level by 3 because of his acceptance of responsibility, leading to a Guidelines sentencing recommendation of 30 years, the statutory mandatory-minimum sentence for Defendant's offense. *See* USSG §§ 4B1.1(c)(3), 5G1.1(b) (2011); 18 U.S.C. § 924(c)(1)(B)(ii). The district court nonetheless imposed a sentence of life imprisonment. Defendant argues that the sentence is substantively unreasonable. "Substantive reasonableness addresses whether the length of [a] sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Damato*, 672 F.3d 832, 838 (10th Cir.) (brackets internal quotation marks omitted), *cert. denied*, 133 S. Ct. 319 (2012). Our review is for abuse of discretion. *See United States v. McBride*, 633 F.3d 1229, 1232 (10th Cir. 2011). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *Damato*, 672 F.3d at 838 (internal quotation marks omitted).

Defendant argues that the sentence should have been at most 30 years, noting his age, his ill health, and his lack of intent to injure anyone, and contending that the lesser sentence would have a meaningful general and specific

deterrent effect and reflect the seriousness of his offense. This argument is not frivolous. But we disagree that the district court abused its discretion. As the district court explained at sentencing, it had ample reasons for imposing a sentence of life imprisonment: (1) Defendant had nine former felony convictions, often for violent offenses, demonstrating his failure to recognize the consequences of his actions; (2) Defendant planted the explosive device in a public place where many people could have been killed; (3) law-enforcement officers were brought in harm's way in attempting to defuse the explosive device; (4) Defendant remained a danger to society despite his age; and (5) in addition to threatening physical safety, explosive devices instill terror in the general public. The life sentence does not "exceed[] the bounds of permissible choice" or fall outside "the realm of . . . rationally available choices." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007) (internal quotation marks omitted).

Defendant also argues that the district court violated *Tapia v. United States*, 131 S. Ct. 2382, 2393 (2011), which held that "a court may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." He contends that the court impermissibly lengthened his prison sentence so that he could be cared for in his old age.

There is some support for Defendant's argument. The district court stated at sentencing:

I have to say this, I don't know if I were to give you less than the maximum sentence, what would happen to you, other than being turned out on the streets at age 85 or 90, with no place to go. I—I can imagine that happening. Just being let go, with no means of support, no health care, and who would—what place would be for you? So I think we ought to put an end to that problem as well.

R., Vol. 3 at 72 ll. 3–10. But Defendant did not raise this issue in district court, so our review is only for plain error. *See United States v. Mendiola*, 696 F.3d 1033, 1036 (10th Cir. 2012). Accordingly, "we may reverse only if [he] demonstrates (1) error (2) that is plain, (3) that prejudices his substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

Defendant has failed to satisfy the third prong of plain-error review—showing prejudice. A fair reading of the court's comments compels the conclusion that the life sentence was imposed for reasons far more compelling than caring for Defendant in his 90s. Indeed, the court said:

I don't think it makes . . . a lot of difference whether your sentence is 30 years or something more than that, in terms of how much time you spend, because of your medical conditions and your age, but it does make a lot of difference in terms of what it says as a public statement, that your time has come for society to say no. No more.

R., Vol. 3 at 69. The comments about caring for Defendant appear to have been directed primarily at why age and health concerns did not justify a shorter sentence. Defendant has not shown a reasonable probability that the district court

-4-

would have imposed a lighter sentence but for the alleged *Tapia* error. *See*

*United States v. Cordery*, 656 F.3d 1103, 1108 (10th Cir. 2011).

We AFFIRM the judgment of the district court.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge