FILED
United States Court of Appeals
Tenth Circuit

February 5, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

EARL ALBERT MOORE,

    Defendant - Appellant.

No. 17-1224
(D.C. Nos. 1:16-CV-01500-JLK &
1:11-CR-00197-JLK-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **KELLY**, and **MATHESON**, Circuit Judges.
_____

Earl Albert Moore entered a plea agreement and pled guilty to using a destructive

device during and in relation to a crime of violence under 18 U.S.C. § 924(c).  He filed a

motion under 28 U.S.C. § 2255 to vacate his conviction, arguing *Johnson v. United

States*, 135 S. Ct. 2551 (2015), invalidated § 924(c)'s residual clause.  The district court

denied his motion as untimely but granted a certificate of appealability ("COA").  While

the appeal was pending, the Supreme Court decided *United States v. Davis*, 139 S. Ct.

---

   [*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

1

2319, 2336 (2019), which invalidated § 924(c)'s residual clause as unconstitutionally vague.

Based on *Davis*, the parties agree Mr. Moore's § 924(c) conviction should be vacated. The Government, however, argues we also should "direct entry of a conviction for the lesser included predicate arson offense" based on Mr. Moore's plea agreement. Aplee. Br. at 5. We disagree.

Because the district court granted a COA, we have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). We reverse the district court's denial of Mr. Moore's § 2255 motion as untimely and remand with instructions to vacate his § 924(c) conviction.

## I. BACKGROUND

### A. *Legal Background*

1. **Section 924(c)**

Under § 924(c)(1), "any person who, during and in relation to any crime of violence . . . , uses or carries a firearm, . . . shall . . . be sentenced to a term of imprisonment of not less than 5 years." 18 U.S.C. § 924(c)(1)(A)(i). A firearm includes "any destructive device" such as a bomb. *Id.* §§ 921(a)(3), (a)(4)(A)(i). Under the statute's residual clause, a "'crime of violence' means an offense that is a felony and that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(B).

### 2. *Johnson v. United States*

In *Johnson*, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii),[1] as unconstitutionally vague. 135 S. Ct. at 2557. It said "the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id.* at 2558. "*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

### 3. *United States v. Davis*

In *Davis*, the Supreme Court invalidated 18 U.S.C. § 924(c)'s residual clause, § 924(c)(3)(B), as unconstitutionally vague. 139 S. Ct. at 2336. The "Court's ruling in *Davis* . . . is a new constitutional rule that is retroactive on collateral review." *United States v. Bowen*, 936 F.3d 1091, 1097-98 (10th Cir. 2019). After *Davis*, a defendant "cannot be guilty of violating § 924(c)(1) if his . . . convictions qualify as crimes of violence only under [the residual clause,] § 924(c)(3)(B)." *Id.* at 1101. The defendant would be "actually innocent" and entitled to relief. *Id.* at 1108.

### B. *Procedural Background*

In 2011, Mr. Moore confessed to detonating a homemade bomb in a Colorado shopping mall. A federal grand jury indicted him on one count of arson, in violation of

---

[1] The ACCA's residual clause provided that a "'violent felony' means any crime . . . , that is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added).

18 U.S.C. § 844(i), and one count of using a destructive device during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). The alleged arson offense was the underlying crime of violence for the § 924(c) charge.

Under a plea agreement, Mr. Moore pled guilty to the § 924(c) charge. The Government dismissed the § 844(i) arson charge. The district court sentenced Mr. Moore to life in prison. He appealed the sentence as substantively unreasonable. We affirmed. *United States v. Moore*, 514 F. App'x 764, 765-66 (10th Cir. 2013) (unpublished).

After the Supreme Court decided *Johnson*, Mr. Moore moved under § 2255 to vacate his conviction. He argued *Johnson*'s reasoning invalidated § 924(c)'s residual clause, and that his conviction must be vacated because arson can be a § 924(c) "crime of violence" only under the residual clause. The Government opposed Mr. Moore's motion as untimely, procedurally defaulted, and meritless, but conceded his conviction rested on § 924(c)'s residual clause.

The district court denied Mr. Moore's motion as untimely. To be timely, Mr. Moore's motion "must have been filed either within one year of the date the judgment became final or within one year after 'the date on which the right asserted was initially recognized by the Supreme Court.'" ROA, Vol. I at 66 (quoting 28 U.S.C. § 2255(f)). The court explained, "Mr. Moore filed his motion more than a year after the judgment became final," *id.*, and "the Supreme Court ha[d] not recognized [in *Johnson* or otherwise] the right [he] assert[ed]," *id.* at 64. It therefore denied his motion but granted a COA. Mr. Moore timely appealed.

4

We abated the appeal pending the Supreme Court's resolution of *United States v. Davis*, 139 S. Ct. 2319 (2019). After *Davis* was decided, we requested the parties to "file separate responses regarding the course of future proceedings." Doc. 10659342 at 1-2. Both parties agreed Mr. Moore's § 924(c) conviction must be vacated. The Government argued we should also "direct entry of a conviction for the lesser included predicate arson offense" based on Mr. Moore's plea agreement. Aplee. Br. at 5.[2]

## II. DISCUSSION

"On appeal from the denial of a § 2255 motion, . . . we review the district court's findings of fact for clear error and its conclusions of law de novo." *Bowen*, 936 F.3d at 1096-97. We reverse the district court's denial of Mr. Moore's § 2255 motion as untimely and remand with instructions to vacate his § 924(c) conviction. We decline the Government's request to direct entry of an arson conviction.

### A. *Timeliness*

While Mr. Moore's appeal was pending, the Supreme Court in *Davis* recognized a new right, retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2255(f)(3); *Bowen*, 936 F.3d at 1097-98. Based on the foregoing, the Government waived its timeliness challenge. We therefore reverse the district court's dismissal of Mr. Moore's § 2255 motion as untimely.

---

[2] The Government waived its procedural defenses, including any argument based on the statute of limitations or procedural default.

## B. *Remedy*

### 1. **Vacate Conviction**

Mr. Moore's conviction must be vacated because (1) the Supreme Court invalidated § 924(c)'s residual clause as unconstitutionally vague in *Davis*, stating a "new constitutional rule that is retroactive on collateral review," *Bowen*, 936 F.3d at 1097-98, and (2) Mr. Moore's § 924(c) conviction depended on arson being a crime of violence. Consistent with *Davis*, both parties agree Mr. Moore's § 924(c) conviction must be vacated on remand.

### 2. **No Other Remedy**

The Government contends this court should also "direct entry of a conviction for the lesser included predicate arson offense under 18 U.S.C. § 844(i)" based on Mr. Moore's plea agreement and 28 U.S.C. § 2106, *see* Aplee. Br. at 5, 25-26, which provides a federal court may "modify, vacate, set aside or reverse any judgment . . . lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment . . . as may be just under the circumstances."

The Government relies on *United States v. Smith*, 13 F.3d 380 (10th Cir. 1993), in which we held that to reduce a conviction of a greater offense to that of a lesser included offense under § 2106,

> [i]t must be clear (1) that the evidence adduced at trial fails to support one or more elements of the crime of which appellant was convicted, (2) that such evidence sufficiently sustains all the elements of another offense, (3) that the latter is a lesser included offense of the former, and (4) that no undue prejudice will result to the accused.

6

*Id.* at 383 (quoting *Allison v. United States*, 409 F.2d 445, 451 (D.C. Cir. 1969)).

*Smith* is inapposite. To reduce a conviction of a greater offense to that of a lesser included offense under § 2106, we must have "evidence adduced at trial to support one or more elements of the crime." *Id.* Here, Mr. Moore pled guilty to the § 924(c) offense under a plea agreement. There was no "evidence adduced at trial." *Id.* On remand, if the Government wishes to reinstate the § 844(i) arson charge under 18 U.S.C. § 3296, it may ask the district court to do so.[3]

## III.    CONCLUSION

We reverse the district court's denial of Mr. Moore's § 2255 motion as untimely and remand with instructions to vacate his § 924(c) conviction.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

[3] Under 18 U.S.C. § 3296, the government may "move[] to reinstate . . . dismissed counts [of a plea agreement] within 60 days of the date on which the order vacating the plea becomes final." 18 U.S.C. § 3296(a)(4); *see United States v. Gibson*, 400 F.3d 604, 606 (7th Cir. 2007) ("18 U.S.C. § 3296 allow[s] for the reinstatement of charges dismissed pursuant to a plea agreement.")

17-1224, *United States v. Moore*

**HARTZ**, **J**., Circuit Judge, concurring

I concur in the judgment and join all the majority opinion except for the "No Other Remedy" section. In my view, we should not remand for sentencing on the lesser included offense of arson, because Mr. Moore's guilty plea was unintelligent and constitutionally invalid. *See Bousley v. United States*, 523 U.S. 614, 618–19 (1998) (guilty plea is unintelligent and constitutionally invalid when defendant is not informed correctly of the essential elements of the crime).